THE GRESS LUMBER COMPANY *v.* ROGERS *et al.*

The purpose of plaintiff's petition being to recover for material furnished for and used in the erection of a college building, claim of lien having been properly recorded, and the allegations being sufficient to authorize a decree that the building and premises were liable for the payment of the debt, there was error in disallowing the amendment offered, and in dismissing the action. Certain persons named as trustees, in whom the title to the premises was vested, could be made parties by amendment; the petition making such a case as will entitle the plaintiff to relief in equity. June 2, 1890.

Actions.   Parties.   Equity.   Before Judge ROBERTS. Pulaski superior court.   November term, 1889.

On April 6, 1886, the Gress Lumber Co., a corporation, recorded its claim of lien, as material-men and owners of a saw-mill and other machinery engaged in the manufacture of lumber and other building material, on the college building, appurtenances and improvements and the real estate upon which the same was built, of the New Ebenezer Association, of Pulaski county, for lumber and material furnished to that association for building the college and improving the real estate, to the amount of $437.98, balance due as per attached account against the New Ebenezer Association and in favor of the Gress Lumber Co. It was further recited that the Gress company had fully complied with its contract for furnishing said material, and that thereupon the balance of $437.98 became due January 20, 1886, and remained unpaid. On July 13, 1886, the

Gress company filed its declaration for the recovery of the balance due it, with interest, praying that its lien upon the college building, appurtenances, improvements and real estate be set up and established; and making the following allegations, besides those recited in the claim of lien, which is attached and referred to:

Plaintiff has taken no personal security for this claim. The New Ebenezer Association is a private and unincorporated association, composed of about forty-five Baptist churches in Dodge, Laurens, Pulaski, Telfair, Montgomery and Coffee counties. In May, 1885, they resolved to establish and maintain a high school or college, and appointed J. H. Rogers and J. W. Noles of Laurens county, E. H. Bacon and C. B. Parker of Dodge county, and J. G. Wright of Pulaski county, as a committee to carry the resolution into effect. Said committee decided to erect a brick structure at a cost of $10,000, but the selection of the site was deferred until the various localities interested should have opportunity of saying what inducements they would offer and how much they would subscribe to have the college located in their midst. On June 19, 1885, the committee decided to locate the college in Pulaski county, and on August 28th, awarded the contract of building it to Michael O'Brien. A building committee, composed of T. D. Walker, Samuel Mayer, P. L. Peacock, William Mullis and J. G. Wright, of Pulaski county, were appointed to look after the construction of the college, raise fund and superintend the erection of the building, and the business pertaining thereto generally. The committee above mentioned and O'Brien had entire control of the college building, furnishing the brick, lumber, labor and all kinds of material and supplies necessary to carry on the work. Prior to October 28, 1885, until January 20, 1886, plaintiff furnished the committee, through O'Brien, the lumber mentioned in

the claim of lien, amounting in value to $737.98, which was used by them and is now in the college building. On January 27, 1886, O'Brien gave plaintiff a written order on J. G. Wright, a member of both committees and treasurer and agent of the New Ebenezer Association, for $633.55 on account of the material furnished, which was accepted by Wright as treasurer and agent, who then and there paid plaintiff $300 on the order and agreed to pay the balance on February 22, 1886, which he failed to do; and said committee still fail to pay the same, though often requested so to do. Both committees had written notice of the furnishing of the material to the contractor and of the plaintiff's claim of lien, before they settled with the contractor. It is alleged that said Rogers, Bacon, Parker, Noles, Wright, Walker, Mayer, Peacock, Mullis and O'Brien are indebted to plaintiff the balance sued for; and it is prayed that they be required to appear, etc.

On motion of counsel for the defendants, the New Ebenezer Association as such was dismissed as a party defendant, and the action was dismissed so far only as it was sought to establish a lien against that association; and this ruling forms the first exception.

The plaintiff amended by giving a particular description of the land on which the college was situated, alleging that it was conveyed by deed executed May 6, 1886, by P. L. Peacock and James E. O'Berry to P. L. Peacock, W. J. Mullis, Sam. Mayer, T. D. Walker and Jacob Maas, as trustees for the New Ebenezer Association, recorded September 25, 1886. It is further alleged that the deed, not being recorded at the time of bringing this suit, was inaccessible to plaintiff, and it was therefore unable to describe the premises fully in its declaration, as well as to get the names of the trustees to whom the deed was made; and judgment is prayed against the persons named as trustees for the associa-

tion and as holding the legal title to the property, setting up and establishing plaintiff's lien thereon. It is also alleged that plaintiff furnished the material for which the lien is claimed, to the educational and building committees, trustees and contractor; that it was accepted and used by them in the college and in the improvement of the real estate on which the same was erected; that they contracted the debt for the material, and are individually and personally responsible therefor, and promised to pay the same; and that the building of the college, improving the real estate and procuring lumber and material therefor was the common purpose for which the committees, trustees and contractor were appointed and the contractor employed. This amendment was allowed.

A further amendment was offered, alleging that Rogers, Noles, Bacon, Parker, Wright, Walker, Mayer, Peacock, Mullis and O'Brien are indebted to plaintiff $437.98 principal, besides interest from January 20, 1886, for lumber furnished as per account attached to the declaration, which balance defendants refuse to pay; and plaintiff therefore prays judgment against them for that sum. Plaintiff furnished the material as material-men to said defendants for building the college, known as the New Ebenezer Association College, in Pulaski county, and for the improvement of the real estate on which the same was erected; and the lumber was used by said defendants for said purpose, and O'Brien was the contractor employed by them to build the college, and the defendants named composed the committees of the association for the purpose of building the college, superintending its erection and furnishing material for it. This amendment was not allowed, and to this ruling another exception was taken.

On motion of defendants, the case was dismissed on

the ground that the allegations in the petition do not make a case upon which plaintiff can recover; and to this ruling the third and last exception was taken.

DeLacy & Bishop, for plaintiff, cited Code, §§1979, 1980, 3332, 3334, 3442, 1899, 3351, 3576; 36 *Ga.* 404; 30 *Ga.* 444; 56 *Ga.* 68; 19 *Ga.* 591; 73 *Ga.* 322; 18 *Ga.* 610; 17 C. L. J. 343; Dicey Par. §§250, 251; Hirschl Fr. & Soc. 3–19; Wood Corp. 446.

Martin & Smith, A. C. Pate and L. C. Ryan, for defendants, cited 52 *Ga.* 352; 62 *Ga.* 753; 73 *Ga.* 474; 75 *Ga.* 513; 77 *Ga.* 307; 78 *Ga.* 307, 314; Code, §§1676, 2211, 2347; 27 Am. Rep. 80; 32 Am. Rep. 136; 78 Ill. 58.

Blandford, Justice.

The petition in this case, together with the amendments offered thereto, made out a good case in equity, so as to authorize the plaintiff in error to recover the amount sued for; that is to say, the court, under the allegations in the petition, would have been authorized to decree that the college building and the property upon which it stood were liable to pay the debt of the plaintiff in error, and that the plaintiff in error had a good lien thereon for the value of the lumber furnished by it to build the college building. It is true the New Ebenezer Association, not being incorporated, could not be sued at law, but certain persons named in the declaration as trustees for this association and in whom the title to the land upon which the building stood was vested for the benefit of the association, were parties, made so by amendment. New parties may at any time be introduced in equity, though they could not be introduced at law; and the plaintiff, though it entered the court on the law side, could, and in our opinion did, by its petition make such a case as would entitle it to relief in a court of equity. We think, therefore,

that the court erred in refusing the amendments and in sustaining the demurrer to the plaintiff's petition.

*Judgment reversed.*