## 2629. THOMPSON v. JACOBS.

There was no error in overruling the certiorari.

DECIDED JANUARY 17, 1911.

Certiorari; from Colquitt superior court—Judge Mitchell. April 6, 1910.

*W. F. Way,* for plaintiff in error. *J. F. Wilkes,* contra.

HILL, C. J. Mrs. Sarah J. Jacobs, through her agent, T. Jacobs, made an application to a justice of the peace, in the county where her tenant resided, for a distress warrant. The agent made the following affidavit: "Georgia, Colquitt County. T. Jacobs, agent for wife, personally appeared before me, G. W. Hooker, J. P. of said county, who upon oath says that Henry Thompson, her tenant, of said county, is justly indebted to her $80 for rent of a farm two miles west of Moultrie, Ga., on lot of land No. 264 in the eighth land district of said county, for the year 1909, which sum is now due." This affidavit was signed "T. Jacobs, Agt.," and was sworn to and subscribed before the justice of the peace. On this affidavit the justice of the peace issued a distress warrant, and the sheriff levied the same on certain personal property of the defendant, who thereupon made the counter-affidavit and gave the bond required by law. On the trial of the issue thus made, the justice of the peace permitted Mrs. Sarah J. Jacobs to amend the affidavit above set out, as follows: "Georgia, Colquitt County. Personally appeared before me, G. W. Hooker, a justice of the peace in and for said county and district, T. Jacobs, who, first being duly sworn, on oath deposes and says that he is agent for his said wife, Mrs. Sarah J. Jacobs, and duly authorized under the laws of Georgia to make this affidavit, and that Henry Thompson, her tenant, of said county,

is justly indebted to her;" and further "by striking the word 'Agt.,' which appears immediately after the name of T. Jacobs," signed to the original affidavit. This amendment was allowed, over the objection of the defendant, his objection being based on the ground that the amendment added a new party plaintiff.

On the trial of the issue formed by the distress warrant and the counter-affidavit in the justice's court, the jury returned a verdict for the plaintiff, and a judgment was rendered thereon. The defendant thereupon prayed for a writ of certiorari, which was duly granted. The petition for certiorari contains two assignments of error which are relied upon in this court: (1) that the justice of the peace erred in allowing the amendment to the above-recited affidavit, because "it was changing the suit from that of T. Jacobs, in his individual capacity, to that of Mrs. Sarah J. Jacobs, against petitioner Henry Thompson;" and (2) that the verdict against the defendant was without any evidence to support it, or against the large preponderance of the evidence. The judge of the superior court denied and overruled the certiorari, and this judgment is assigned as error.

1. We do not think that it was at all necessary to amend the affidavit made for the purpose of procuring the distress warrant. Section 4818 of the Civil Code of 1895 provides that "any person who may have rent due may, by himself, his agent or attorney, make application to any justice of the peace within the county where his debtor may reside, or where his property may be found, and obtain from such justice a distress warrant for the sum claimed to be due, on the oath of the principal, his agent or attorney, in writing, for the said rent," etc. The affidavit in this case seems to be in compliance with the requirements of this section. The recitals in the affidavit are that T. Jacobs, agent for his wife, makes oath that Henry Thompson, her tenant, of said county, is justly indebted to her $80 for rent on a described farm, for the year 1909, which sum is now due. In other words, the recitals in the affidavit, taken all together, clearly show that it was made by T. Jacobs as agent for his wife, the landlord, against her tenant, for rent due to her for the year 1909, for the farm described in the affidavit. There is nothing in any recital of the affidavit that indicates that the rent claimed to be due is due to the affiant individually. In other words, the wife was the real plaintiff in the case, who was suing for the rent,

by her husband as her agent. This being our view of the original affidavit, it follows that in our opinion no amendment was necessary; but certainly the amendment that was allowed did not hurt or destroy in any particular the full force and effect of the original affidavit. It amplified and made clearer in some respects the facts, which were sufficiently clear as stated in the original affidavit. And we think that if the recitals contained in the original affidavit had not clearly shown that the suit for rent was by Mrs. Jacobs and not by her husband, any doubt as to this question could have been properly solved by amendment, for the law is plain that all affidavits which are the foundations of suits are amendable to the same extent as are declarations. Civil Code of 1895, § 5122. Of course, this does not authorize the introduction of new parties or a new cause of action. Civil Code of 1895, § 5099. But certainly the amendment in this case, as we have shown, does not introduce any new party or new cause of action. We hold, however, that the affidavit was sufficient without amendment.

2. We can not say that the verdict in the justice's court was without any evidence to support it, or that the evidence greatly preponderated against the verdict. The defense relied upon on the merits was that the landlord had not performed her part of the contract of rent in furnishing to the tenant five milch cows, which, he alleged, she agreed to do, and the tenant claimed that the rent of the land would have been worthless without the cows. While the evidence is quite strong in behalf of the defendant that the landlord did agree to let him have the cows as claimed by him, yet there is conflict as to this matter, and this court does not feel warranted, on a question of fact, in setting aside a verdict approved by the judge of the superior court.    *Judgment affirmed.*