34614.   JACKSON *v.* OLIPHANT, Secretary, etc., *et al.*

DECIDED MAY 19, 1953—REHEARING DENIED JUNE 9, 1953.

316

*Pierce Brothers,* for plaintiffs in error.

*Marshall L. Fountain, M. Cook Barwick, Q. L. Bryant,* contra.

CARLISLE, J. ■ By an act of the General Assembly of 1805 (See Cobb's New Digest of the Statute Laws of Georgia, p. 899), presently codified as Code § 22-409, it is provided: "All deeds of conveyance heretofore made, and which may hereafter be made, to any person or persons, for any lots of land within this State, to any church or religious society, or to trustees for the use of such church or religious society, for the purpose of erecting churches or meeting houses, are, and shall be deemed and taken to be, good and valid, and available in law for the intents, uses, and purposes contained in said deeds of conveyance; and all lots of land so conveyed shall be fully and absolutely vested in such church or religious society, *or in their respective trustees,* for the uses and purposes in said deed expressed; to be holden to them, *or their trustees,* for their use by succession, according to the mode of church government or rules of discipline exercised by such churches or religious societies respectively." (Emphasis added.) By the terms of the same act, presently codified as Code § 22-411, it is also provided: "Every church or religious society is authorized to fill all vacancies which may happen in

the said trusts by death, removal, expulsion, or otherwise; and when any vacancy shall be filled, the same shall be certified under the hand of the person presiding in the society, and according to the form of government or discipline practiced by said church or society, which certificate shall express the name of the person appointed to fill the vacancy and the name of the person in whose place he shall be appointed; and the said certificate being recorded in the office of the clerk of the superior court of the county in which the land lies, the person so appointed to fill such vacancy shall be as fully vested with such trust as if a party to and named in the original deed: *Provided, the failure so to have recorded the certificate of appointment aforesaid shall not operate to disqualify, or render incompetent to act in any proceeding, any trustee duly appointed by the form of government or discipline practiced by the church or society having the power to appoint trustees.*" (Emphasis added.)

It seems to be conceded, if not stipulated, by counsel for the plaintiffs and the defendant that Lofton Camp Ground is a religious society, and under the provisions of the act of 1805 quoted above, deeds to land made to trustees of such societies are valid; and trustees of such societies, whether original trustees or successor trustees are empowered to act for such societies in relation to such property, whether the appointment of the trustees has been recorded or not.

By the provisions of Code §§ 61-301 and 61-402, agents, attorneys in fact, or attorneys at law, may proceed for and in behalf of landlords against tenants to collect rent past due or to recover possession of the premises. The present proceeding was brought by Oliphant as secretary and agent of the trustees of the Lofton Camp Ground, and was therefore, properly construed, a proceeding by the trustees, not by the unincorporated religious society itself. *Thompson* v. *Jacobs*, 8 *Ga. App.* 499 (69 S. E. 921). See also, in this connection, *Kelsey* v. *Jackson*, 123 *Ga.* 113 (50 S. E. 951); *Josey* v. *Union Loan & Trust Co.*, 106 *Ga.* 608 (32 S. E. 628); and, for a case squarely in point upon nearly every question presented here, see *Godfrey* v. *Walker*, 42 *Ga.* 563, where it is said: "Where there are trustees of churches, we deem them the proper parties to bring suit, or to defend them, or to serve with process or papers." The affidavit in the present

proceeding does not show upon its face that the persons named therein are not trustees of Lofton Camp Ground as alleged, and the trial court did not err in denying the motion in arrest of judgment on the ground that there was no proper party plaintiff —that the plaintiffs were not legal entities.

■ Headnote 2 requires no elaboration.

■ While the motion for new trial assigns error upon the trial court's admitting in evidence the deed from the defendant to the trustees of the Lofton Camp Ground, and the testimony of certain witnesses that they were trustees of Lofton Camp Ground, it appears from the brief of evidence, signed by counsel for both parties and approved by the court, that the only issue submitted for the jury's determination was the reasonable rental value of the premises. The evidence authorized the jury's verdict upon this score, and the errors assigned in the motion for new trial, not bearing upon the rental value, must, under these circumstances, be treated as waived. It follows that the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*