## DREW *v.* DREW.

1. A plaintiff in ejectment claiming under a deed as a muniment of title may prove the deed by secondary evidence, provided the proper foundation is laid as to the execution and delivery of the original deed, and its loss.

2. The plaintiff's petition was not supported by evidence upon a material and essential point, and the verdict was unauthorized.

FEBRUARY 15, 1917.

Equitable petition. Before Judge Kent. Laurens superior court. September 30, 1915.

Mrs. Rachael C. Drew filed her petition seeking to have a lost deed to certain land established, to recover possession of the land, to cancel a deed held by the defendant, J. S. Drew Jr., and for mesne profits. Upon the trial the verdict was in favor of the plaintiff for the land in dispute, without rent. A motion for a new trial was overruled, and the defendant excepted to this ruling and to the refusal of a nonsuit.

The plaintiff alleged in substance as follows: Though J. S. Drew Jr. is in possession of the land in controversy, the title to it is in the plaintiff. On August 27, 1895, J. S. Drew Sr., who was the husband of the plaintiff and the father of the defendant, conveyed this land to the plaintiff for her natural life, with remainder to her two children. The deed of conveyance was never recorded, but was "lost and destroyed." A copy of the alleged lost deed was attached to the petition. By an amendment, which the court allowed, the names of the witnesses to the copy deed attached were changed, the date of the deed was changed, and the middle name of one of the grantees therein was changed. J. S. Drew Jr. claims possession of the land under a deed from his father, executed on December 29, 1904, and recorded. J. S. Drew Sr. died intestate on September 1, 1912. He as agent, and under the reservations of his deed to the plaintiff, had the exclusive right to the possession of the land until his death. For this reason the plaintiff was not advised that the defendant claimed the right of possession. The defendant had actual knowledge that the deed to the land had been executed and delivered to the plaintiff, having read it over and studied its contents before the time when he claims to have purchased the land. He knew that J. S. Drew Sr., prior to his death, returned the land for taxes in the name of the plaintiff. The plaintiff charges, on information and belief, that the defendant admitted that he knew, before purchasing the land, that his father had sold it to the plaintiff, but that it was the intention of the defendant to hold the land during the lifetime of the grantor, and that after the grantor's death, should the plaintiff seek to recover it in the courts, he would continue to hold by delaying the trial for at least ten years, and for that time enjoy the rents and

profits. For this reason the defendant is holding the land in bad faith.

*M. H. Blackshear,* for plaintiff in error. *J. S. Adams,* contra.

GILBERT, J. (After stating the foregoing facts.) This suit was brought to establish an alleged lost deed, to cancel an outstanding deed, and to recover possession of the land in dispute. The plaintiff was only one of the grantees named in the lost deed, and the defendant was the grantee in the junior deed. The plaintiff and the defendant claimed under a common grantor, who was dead, leaving children not parties to the suit. There was no demurrer to the petition. This court, therefore, will not pass upon the question of nonjoinder of parties, which was raised for the first time in the brief of counsel.

1. The plaintiff contended that the deed under which she claimed title was prior in date to that relied upon by the defendant; and her testimony was that her deed had been destroyed. A plaintiff in ejectment claiming under a deed as a muniment of title may prove the deed by secondary evidence, provided the proper foundation is laid as to the execution and delivery of the original deed and its loss. Civil Code (1910), § 5829. For a full discussion of this subject see Powell on Actions for Land, §§ 171, 202. The destruction of a deed does not revest the title in the grantor. *Holder* v. *Scarborough,* 119 *Ga.* 256 (46 S. E. 93).

2. In the instant case no copy deed was introduced in evidence, in so far as the record discloses. There was some testimony that a deed was made by the grantor to the plaintiff and her two children. The children were not parties to the suit. It is claimed that the deed to which reference is made in the evidence is the same as that described in the petition. But there is nothing in the record to show any connection between the two. Treating the evidence as sufficient to show the existence and execution and delivery of the deed alleged to have been lost or destroyed, the only evidence as to its contents is the reference to the grantees as being the plaintiff and her children. Under such circumstances, if the plaintiff is entitled to recover, certainly her right would be limited to the interest which she had under the deed, and which, according to the evidence, was that of a tenant in common with her children, and she could recover no more than her undivided interest. The petition alleges that the plaintiff has a life-interest in the land, and in this respect the allegata and probata are at variance.

31

Under the charge of the court a verdict was rendered for the plaintiff for the premises in dispute, without rent. The court passed a decree establishing the lost deed, and cancelling the outstanding deed, as prayed for, and awarding the premises to the plaintiff. The verdict and decree were unauthorized.

*Judgment reversed. All the Justices concur.*