## SANDERS *vs.* WILLIAMS.

1. It was error to hold that an application for new trial should be dismissed, on the ground that the motion for new trial had not been filed in the clerk's office, inasmuch as the judge himself handed the papers to the clerk for filing, and was cognizant that the default was the clerk's and could not be attributed to the movant or his counsel.

2. But when the movant himself called the court's attention to the failure to file the motion, and virtually declined to go on with the cause at the time set for the hearing, and thus sought to delay action and to take advantage of the default of the clerk in reference to his own motion, a dismissal of the motion was right.

(*a*.) If the dismissal was right, it will be affirmed, though put on a wrong reason.

Judgment affirmed.

April 15, 1884.

JACKSON, Chief Justice.

[At the term when a case was tried, a motion for new trial was made. The judge made the rule *nisi* returnable in vacation, approved the grounds and handed the motion to the clerk, but it was not marked filed. At the time appointed, counsel for respondent appeared and announced that he waived the failure to serve him with a copy or with notice of the time for hearing. Counsel for the movant objected to the hearing, on the ground that the court had no jurisdiction, it not appearing that any order or consent was had fixing the hearing in vacation, and the motion and rule *nisi* not appearing to have been filed. The judge stated that he had approved the motion and brief of evidence; and handed them to the clerk during the term, and that, if it did not so appear, it was the fault of the latter. Movant's counsel still insisted on his objection to the hearing. Counsel for respondent then moved to dismiss the motion for new trial and rule *nisi*, on the ground that they had never been filed in office. The judge sustained the motion, and movant excepted.]