JOSEY *et al.*, trustees, *v.* UNION LOAN & TRUST CO.

A voluntary association of persons organized for religious purposes, which
    has regularly appointed trustees to hold and manage its property, is liable
    to have such property subjected to the payment of money furnished for
    the use of such trust estate, under proceedings authorized by statute. To
    such proceedings, where the trustees reside in the county where suit is
    brought, they are the only necessary parties defendant.

Argued December 16, 1898.—Decided March 4, 1899.

Complaint.    Before Judge Reid.    City court of Atlanta.
May term, 1898.

*Simmons & Corrigan*, for plaintiffs in error.
*James K. Hines* and *M. A. Hale*, contra.

LITTLE, J.    The defendant in error instituted an action,
naming certain trustees of Mt. Zion Baptist Church as defend-
ants.    The petition contained two counts.    In the first count
it was alleged, that eight persons named were, as trustees of
Mt. Zion Baptist Church, indebted to the petitioner in the sum
of six hundred dollars, besides interest, on a promissory note,
that the same was due, etc., which note was secured by a mort-
gage on certain property of the church, being real estate fully
described in the petition.    The second count alleged that the
petitioner held a claim against the trust estate of Mt. Zion
Baptist Church, to the amount of six hundred dollars, besides
interest, etc., which estate was held and owned by the trustees
named, for the benefit of the church; that this sum of six
hundred dollars was furnished for the use of the trust estate,
which estate consists of the land described; that the sum of
money mentioned was furnished to the trustees for the use of
the trust estate in paying off and discharging a materialman's
lien held by the Willingham Lumber Company against the
trust estate, for material furnished for the building of the church
known as Mt. Zion Baptist Church on the lot of land described;
that the amount so paid to the Willingham Lumber Company
was $349.03; that said money was also used in the payment
of a debt of $64.70 due to Mrs. Payne on a mortgage held by
her against the trust estate, and in paying off and discharging
claims and demands of the City of Atlanta against said trust

estate for granite blocks and other street improvements made
by the city on the streets upon which the land described abuts;
and for all of which the trust estate was liable; that the cestuis
que trust of said trust estate are the members of Mt. Zion Bap-
tist Church, colored.   Judgment was prayed, subjecting the
trust estate to the payment of the claim.   Service of the peti-
tion was made on the persons named and alleged to be trustees
of said church.   The defendants answered the petition, and
denied that they were indebted as alleged ; they denied the
right of the plaintiff to institute the action; they admitted the
execution of the mortgage, but averred that it conveyed no
greater interest than the defendants themselves had in the
property; that there were about one thousand members of the
church, and the plaintiffs were only entitled to have a judg-
ment against the defendants, as trustees, to the extent of the
respective interests of the latter in the property.   They denied
that the plaintiff has any greater claim against the church
property, by reason of having furnished money for the use of
the trustees, than it would have on the promissory note, and
denied the right of the plaintiff to the relief sought.   They de-
nied that the Willingham Lumber Company had any lien upon
the property, and denied that the other debts, alleged to have
been paid off, constituted any lien on the trust estate.   They
admit that the property named belongs to the members of Mt.
Zion Baptist Church, and contend that under the law all the
members of the church should be made parties defendant to
the suit, that no judgment rendered on the petition against the
church will be binding on the church property,—which facts
they plead in abatement, and pray that the plaintiff be re-
quired to make all the cestuis que trust parties defendant in
the case; and defendants contend that suit can only be main-
tained against all of the members of the church, and not against
the defendants, as trustees, alone.   They further allege the
debt claimed to be usurious to the extent of forty dollars.

On the trial evidence was introduced, tending to show that at
the time of making the note the church owed Venable Broth-
ers, for curbing, $45.80, another bill to the City of Atlanta, for
curbing, $25.55, and another bill for street improvements to

the City of Atlanta, $180.44; that the church also owed to Willingham & Co. $349.03, for material used for the improvement of the church; to J. Carroll Payne $64.70 on borrowed money; that in order to obtain the loan to pay off these debts, there was a called meeting of the members of the church, and more than fifty members were present; that there were from 700 to 1,000 members of the church; that the church meeting called to authorize the loan was duly and regularly called and notice given; that the loan was authorized by that meeting; that Willingham's debt and the debts for the sidewalk and granite blocks were pressing; that Hale, agent of the lienors, paid out, under the direction of the deacons of the church, the debt to Willingham, the debts for the sidewalk and granite blocks, and that due to Mr. Payne; that more than six hundred dollars was paid out by Hale on these debts of the church; that in Baptist churches a majority vote of the members present controls in the conduct of their business. Hale testified, that the loan was made through him; that the trustees, to the number of ten, came to him as a body, and stated that Willingham was about to sell them out on a materialman's lien; that they owed interest to Mr. Payne and taxes for granite blocks and sidewalks; that the amounts were due and about to be enforced; that they wanted this six hundred dollars to pay these pressing claims. The trustees executed the note; the money was not paid to them, but he was to pay these several claims, and he did pay Willingham $349.03 for his debt due by the church; to Mr. Payne, for interest on mortgage, $64.76; Venable Brothers for sidewalk, $45.81; to the city for granite blocks and sidewalk, $180.44; the amounts paid out amounting to $639.98. The proceedings of the church meeting were introduced, in which it appeared that the trustees of the church, in their official capacity, were authorized to secure the loan, to execute a note for the same, and that the lien paid off should remain the property of the lender until the loan was paid. The note was also introduced in evidence. Also an instrument signed by the Willingham Lumber Company, acknowledging the payment of $349.03, as due thereon, to have been received from the lender, and transferring to it the inter-

est of Willingham & Company in such claim against the church. There was also introduced a receipt from Mr. Payne for the interest paid; also a fi. fa. in favor of the City of Atlanta against Mt. Zion Baptist Church for $141.35, and another in favor of the same against the same church for $25.55; also the fi. fa. and city marshal's deed to the property, the fi. fa. being in favor of the City of Atlanta, the deed made by the city marshal to Venable Brothers. Upon the latter there was a transfer to the defendant in error by Venable Brothers. The defendant introduced no evidence; and the court directed a verdict for the plaintiff. To certain rulings of the court which will hereafter be referred to, and to the direction of the verdict, the defendants excepted.

1. There was no attempt by the instituted proceedings to foreclose the mortgage executed by the trustees on the church property and held by the defendant in error. While we are not prepared to rule that the plaintiffs were entitled, by a common-law judgment rendered on the notes executed by the trustees, to subject the church property to the payment of its debt, we think the allegations made in the second count of the petition, supported by the proof which appears in the record, entitled the petitioner to subject the property of the church to the payment of its debt. It does not appear that this church was incorporated, as it might have been, under section 2351 of the Civil Code, nor that the names of the trustees or officers of the church were entered in the clerk's office, as provided by section 2357 of the Civil Code. This church, then, must be considered as a voluntary association of persons for the purpose of divine worship and the observation of religious duty. It is a matter of common observation that the terms "church" and "society" are popularly used to express the same thing, namely, a religious body organized to sustain public worship. 48 N. H. 396. In Jacob's Law Dictionary, "church," it is said, "may be, first, a temple or building consecrated to the honor of God and religion; or, second, an assembly of persons united by the profession of the same Christian faith, met together for religious worship." The latter is contemplated by our statute when the word "church" is used. By section 2361 of the

Civil Code, it is provided that where a congregation has incurred a valid debt, in the absence of other property, the church edifice and site are liable to sale for its payment. *Lyons* v. *Planters Bank,* 86 *Ga.* 485. So that we may take it as established that the congregation of Mt. Zion Baptist Church may incur a debt, and that such debt may, by the courts, be enforced against the congregation, even to the sale of the church building and the lot belonging to the church, on which the same is situated. The question then arises as to how such debt may be enforced, and the method of judicial procedure which will subject the property to sale. While the property of such congregation or church belongs to the members, it does so for the particular uses to which it is designed to be put, and is almost universally held and controlled, for the use of the members, by trustees or other designated officers. It is provided by section 2353 of the Civil Code, that deeds of conveyance made to any church or religious society or trustees, for the use of such church or religious society, shall be good and valid, and available in law for the uses and purposes contained in the conveyance; and the land so conveyed shall vest in the church or religious society. In the case under consideration it is established that the property is held by trustees, and it is therefore a trust estate in law. By section 3202 of the Civil Code it is provided, that any person having a claim against any trust estate, for services rendered to the estate, or for articles or property or money furnished for the use of said estate, may enforce the payment of such claim in a court of law. And the method of enforcing the same is provided by section 3203 of the same Code. It is requisite, under that section, that the petition shall show the grounds of the claim, in what manner the estate is liable for its payment, and shall also set forth the names of the trustees and the cestui que trust. As to who are proper parties defendant in such action is practically settled by the provisions of section 3204 of the Civil Code. It is there declared, that if there is no trustee, or he is a mere naked trustee and non-resident in the county, the cestui que trust shall be made the defendant, and the proceedings shall be, in all respects, the same as when the trustee is defendant. This sec-

tion was codified from the act of 1856. Acts 1855-6, p. 228. The original act provided, if there is no trustee, the cestui que trust shall be made the defendant. So that the meaning of this provision of the Code is that in a proceeding to subject a trust estate to the payment of a claim for services rendered the estate, or for property or money furnished for the use of the estate, the cestui que trust need not be made a party if there is a trustee resident in the county. This is undoubtedly a correct interpretation of this provision; for, besides the words used, it is provided, in section 3206 of the Civil Code, that the judgment thus rendered imposes no personal liability on the trustee, but only binds the trust estate, and that execution shall issue accordingly.

This court in the case of *Beckwith* v. *McBride*, 70 *Ga.* 642, in discussing the powers incident to the trustees of a church, says: "The object in creating this trust was to remove the property from the power and control of the congregation and parish and place it elsewhere. From its very nature, this charitable provision must have a trustee to look after and administer it. This is unlike an ordinary trust; it is perpetual, and the estate conveyed can not exist without it. Such a manager of charitable donations is not and can not, from the very nature of things, be a mere dry trustee, charged only with the duty of protecting the title to the property." For these reasons, as well as also from the necessity of the case, the trustees, who hold and manage the property belonging to a voluntary association organized for religious purposes, are the only necessary parties defendant in a proceeding to subject the trust property to a claim for which it is liable. If it were a rule that every member of the congregation should be a party defendant, it would practically be impossible that the proceedings so instituted should terminate in a judgment. Here, according to the evidence, about one thousand members constitute the congregation. Necessarily, by withdrawal, removal, death, and other changes, this congregation is daily diminishing or increasing. Besides, such congregations usually consist of minors as well as of adults. So that it is impracticable to require these members, some of whom are not subject to suit in the ordinary way, to be made parties defendant. For those reasons, we ap-

prehend, the statute has otherwise provided. It is argued that the claims paid off by the defendant in error, under the evidence in the case, were not liens binding the property. It is not necessary, to maintain this action, that they should be. The provision of the statute is that such proceeding may be maintained where a person has a claim against the trust estate for services rendered, for articles or property or money furnished for the use of said estate. One of the claims paid, according to the evidence, was for material furnished in the building or improvement of the church edifice. Another of the claims was for interest on borrowed money which was secured by a mortgage. The others were for the improvements, required by law, on the streets in immediate proximity to the church building. The trustees did not owe these sums individually, but such claims were both in law and in equity the debts of the trust estate. And when the defendant in error advanced the money to relieve the trust estate from these pressing demands, it had a claim against the trust estate for the amount advanced. The proceeding to enforce it was regular and authorized by the statute.

A number of objections were urged by the plaintiffs in error to the introduction of testimony. We have carefully noted each of these objections, and find no error in the ruling of the court. And inasmuch as the debt due to the petitioner was a lawful claim against the trust estate, and the proceedings to enforce the same were in accord with the requirements of the statute, and there were proper parties defendant to the action, we find no error in the action of the judge in directing a verdict for the petitioner.

*Judgment affirmed. All the Justices concurring.*