## MUTUAL LIFE INSURANCE COMPANY OF N. Y. v. INMAN PARK PRESBYTERIAN CHURCH.

111  677
115  649

111  677
122  776
123  114

111  677
d126  26

An action in the name of an unincorporated "church," purporting to be brought "by" named persons as its officers and trustees, is not maintainable; nor can the petition in such a case be so amended as to make it an action in the name of those persons for the use of the church.

LITTLE, J., dissenting.

Submitted June 11, — Decided August 7, 1900.

Complaint. Before Judge Reid. City court of Atlanta. September term, 1899.

*James H. Gilbert*, for plaintiff in error.
*Rosser & Carter*, contra.

LEWIS, J.   Suit was brought in the city court of Atlanta, in the name of the Inman Park Presbyterian Church, of Fulton county, by George E. King and others, certain of its officers and trustees, against the Mutual Life Insurance Company of New York, for the sum of $1,339.54 principal, $515.90 of which indebtedness was upon an open account, and the remainder thereof was upon nineteen promissory notes aggregating $836.64 principal.   To this petition the defendant demurred on the general ground that it set forth no cause of action; and on the special grounds, that it does not appear from the petition that the Inman Park Presbyterian Church, named as plaintiff, has capacity to sue; and further because it affirmatively appears upon the face of the petition that the account and notes upon which the suit is based were and are not the property of plaintiff, but were at the time of filing said suit therein alleged to be the property of George E. King and others, individuals named in the transfers attached as exhibits to the petition. The court overruled the general ground, and gave petitioner the privilege of amending its petition to meet the special grounds of the demurrer.   In the amendment the first paragraph of the petition was stricken.   It was admitted that the Inman Park Presbyterian Church was not a corporation, but was an unincorporated association, the business affairs of which were conducted for the church by the officers named in the original petition; and they asked to be allowed to proceed with

the case for the benefit of the Inman Park Presbyterian Church,. and that they have judgment against the defendant for the amount of principal and interest that might be shown to be due by defendant on the claims sued upon. This amendment was allowed, and error is assigned on the judgment of the court overruling the demurrer and allowing the amendment.

We think the court clearly erred in not sustaining the demurrer and dismissing the plaintiff's petition. This was a suit originally instituted in the name of a certain designated church, which was suing by certain of its alleged officers. . . The record shows that the association named as a certain church in the petition was never incorporated. A suit can only be maintained by or in behalf of a natural or artificial person. The plaintiff in the present case evidently was neither; and it follows from this that, the action being instituted by no one having capacity to sue, there was nothing in the petition to amend by, and hence the court erred in allowing the amendment. The demurrer should have been sustained and the petition dismissed. This principle is decided in the case of *Wilkins* v. *Church*, 52 *Ga.* 351, where it was held : "A religious society, which is not incorporated according to law, or which has not recorded its name and objects, . . can not be sued as such. Its members are liable on its contracts as joint promissors or partners." See also *Jones* v. *Watson*, 63 *Ga.* 679–680,. where the amendment offered was similar to the one in the case at bar. The case of *Barbour* v. *Albany Lodge*, 73 *Ga.* 474, was a suit against certain lodges of Masons, designating them by name. The petition did not allege either that the defendants were corporations, or that the members were partners so as to be sued as such. It was there held by this court that there was no party defendant in the case, and a demurrer was properly sustained. It was further held that, as no person was sued, no case was in court, and there was nothing to amend by. We do not think there is anything in the case of *Gress Lumber Co.* v. *Rogers*, 85 *Ga.* 587, at all in conflict with our decision in this case. That was a suit brought by the plaintiff for the purpose of recovering for material furnished for and used in the erection of a college building. Whether the college had been actually incorporated or not could have had no effect upon the equity

of plaintiff's claim, who certainly had an equitable lien upon the property which had been improved by the furnishing of material, and the building and premises were liable for the payment of the debt. Neither is the case of *Josey* v. *Union Trust Co.*, 106 *Ga.* 608, in point. It was there held : "A voluntary association of persons organized for religious purposes, which has regularly appointed trustees to hold and manage its property, is liable to have such property subjected to the payment of money furnished for the use of such trust estate, under proceedings authorized by statute." We do not mean to say that an association organized as a church, although unincorporated, may not, through its regularly appointed trustees, institute a suit for the recovery or protection of its property. How the trustees in this case were appointed does not appear. Civil Code, § 2357, seems to imply that such societies may, upon the conditions therein named, be capable in law of suing and being sued in any action involving their rights, but the condition is expressly therein laid down that such societies "shall have recorded the name, style, and objects of their association." This act was in force when the decision of *Wilkins* v. *Church*, 52 *Ga.* 351, above cited, was rendered, and that decision was based upon a construction of that act. See Acts 1855–6, p. 272. We know of no decision of this court which takes this case out of that ruling, it not appearing in the present instance that the church suing as plaintiff has ever made such a record as required by that statute.

*Judgment reversed. All the Justices concurring, except Little, J., who dissented.*