## KELSEY v. JACKSON et_al.

1. In order for a church to sue or be sued as an entity, it must have been incorporated, or else certificates of the appointment of trustees must have been filed as provided by the Civil Code, § 2355.
2. If trustees hold title to property for a church which has not been incorporated, and where no certificate has been filed as provided by the code section just cited, nevertheless the trust property may be subjected, by proper proceedings, to a debt for which it is liable.
3. In such a proceeding the trustees are the only necessary parties defendant.
4. Trust property of an unincorporated church in the hands of trustees can be subjected for a debt duly incurred to the pastor for salary and rent of parsonage, and, in the absence of other property, the church edifice and site in the hands of trustees can be subjected for such a debt.

Argued April 25, — Decided May 15, 1905.

Complaint. Before Judge Longley. City court of LaGrange. December term, 1904.

Kelsey brought suit against Jackson and others, as deacons and trustees of the First Baptist Church, colored, of LaGrange. He alleged that they were the trustees of the church, and that the title to the church property was in them, and they held and controlled it for the benefit of said church. Certain real estate was described, and it was alleged that there was no other trust property. He further alleged that the church was indebted to him a stated amount for salary as pastor, and also a certain amount for the rent of a parsonage for him to occupy; that these debts were regularly created by the conference, the proper authority under the laws of the church to make such a contract, create the debt, and bind the property; that this was an indebtedness of the trust estate, and for which it was liable; and it was sought to obtain a judgment subjecting it to the payment of the claim. It was not alleged that the church was incorporated, or that any certificate or certificates had been filed as provided in the Civil Code, § 2355. On demurrer the presiding judge dismissed the petition, because it did not appear that the church had been incorporated, or the names of the trustees entered of record, or the name, style, and objects of the association recorded as required by the statute; and also on the ground that the plaintiff is seeking a special judgment against the trust estate for services rendered the cestuis que trust.

8

*Harwell & Lovejoy*, for plaintiff.

*D. J. Gaffney* and *F. P. Longley*, for defendants.

LUMPKIN, J.   (After stating the facts.)   1–3. An action can not be brought by or against an unincorporated church as an entity.   *Thurmond* v. *Cedar· Springs Baptist Church*, 110 *Ga.* 816; *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church*, 111 *Ga.* 677; *Wilkins* v. *Wardens of St. Mark's Church*, 52 *Ga.* 351.   Incorporation which will authorize suit to be brought by or against a church may be had under section 2351 of the Civil Code, or by filing a certificate as provided in section 2355 of the Civil Code.   See also §§ 2356, 2357.   Where it does not appear that a church has been incorporated, or that a certificate has been filed, but it is alleged that the title to the trust property is in certain trustees, a proceeding to subject the trust property to a debt for which it is liable can be brought under section 3202 of the Civil Code; and to such action the trustees are the only necessary parties.   *Josey* v. *Union Loan & Trust Co.*, 106 *Ga.* 608, 611.

4. A church is not a commercial organization which holds property by itself, or through trustees, for purposes of gain and profit.   The advancement of religion is of the essence of the trust.   The pastor is a factor in such promotion.   A church is bound to pay the salary of the pastor.   And as he must be housed, where the contract under which he is employed includes both the payment of a salary and the rent of a parsonage for his occupancy, the entire debt stands on the same basis of equity and justice.   If the divine law does not prompt the members to pay such a debt, human law will enforce it.   *Lyons* v. *Planters Loan & Savings Bank*, 86 *Ga.* 485.   In the absence of other property, the church edifice and site in the hands of trustees can be subjected for the payment of such a debt.   Civil Code, § 2361.

*Judgment reversed.    All the Justices concur, except Candler, J., absent.*