### 3635.   GRANT *v.* GENERAL BAPTIST CONVENTION OF GEORGIA.

Points not covered by the issue as presented in the trial court can not be raised for the first time in this court.

DECIDED JANUARY 15, 1912.

Motion to tax costs; from city court of Macon—Judge Hodges. July 1, 1911.

*C. H. Hall Jr., L. D. Moore, B. J. Fowler,* for plaintiff in error.
*Lane & Park, R. D. Feagin,* contra.

POWELL, J.   An action of bail-trover was brought in the city

court of Macon, the value of the property being alleged as $75. The plaintiff elected to take a verdict for damages, instead of a verdict for the specific property, and the jury, finding in the plaintiff's favor, gave $1 damages, whereupon the court entered up judgment for the plaintiff and against the defendant for the costs, amounting to about $40. The defendant filed a motion in the city court to vacate the judgment so far as the feature of costs was concerned, and to retax them, the insistence being that they should have been taxed against the plaintiff instead of against the defendant. The defendant's written motion was based specifically on two grounds: (1) That the action is a personal action for damages, and the jury returned a verdict for the plaintiff for less than $10; (2) that the plaintiff, by his election at the trial to take damages in lieu of the specific property, converted the action into a personal action. The defendant's insistence in the trial court was plainly based on the provisions of the Civil Code (1910), § 5984, which provides: "In actions of assault and battery, and in all other personal actions, wherein the jury upon the trial thereof shall find the damages to be less than ten dollars, the plaintiff shall recover no more costs than damages, unless the judge, at the trial thereof, shall find and certify on the record that an aggravated assault and battery was proved." The judge overruled the motion, and the present writ of error was sued out.

Before the case was reached for argument in this court, the plaintiff in error doubtless realized that the section of the code on which he relied did not apply to an action of trover; for the only point insisted upon here is one that is entirely new, so far as the record is concerned, namely, that under the act creating the city court of Macon (Acts 1884-5, p. 470, sec. 3), it is provided that in all suits brought in that court in amounts of $100 or less, the plaintiff shall recover only justice's court costs. This court can not consider the point thus raised; the trial court has passed on no such point; the decision we are reviewing involved the consideration of no such question. Counsel for the plaintiff in error very ingeniously argue that the greater includes the less, and that since he sought by motion in the trial court to relieve himself of all the costs, he ought now to be allowed to diminish his claim and to relieve himself of any portion thereof illegally taxed against him. Ingenious as this argument is, it is not well taken. In the lower court

he planted his right to have these costs diminished on two specific grounds; the trial court acted upon these grounds, and this court can not now allow this motion to be amended by the insertion of a new ground. The original grounds not having been well taken, the judgment is *Affirmed.*