## 7901.   GUNN v. WILSON COMPANY.

JENKINS, J.  1.  Where a married woman signs a promissory note as principal, there is a presumption of law that the instrument expresses the true intent of the contract.  See *Longley* v. *Bank of Parrott*, 19 *Ga. App.* 701 (92 S. E. 232).

2. The burden imposed upon the defendant in this case does not appear to have been in any wise met by the evidence introduced for the purpose of sustaining her plea of suretyship, nor was there any evidence to support her plea of payment.  For these reasons the judge did not err in directing a verdict for the plaintiff.

3. Under the rules of the common law, a married woman could not bind herself by the execution of a promissory note.  *Howard* v. *Simpkins*, 70 *Ga.* 322; *Hager* v. *National German American Bank*, 105 *Ga.* 116 (31 S. E. 141) ; 21 Cyc. 1316 (b).  Where the force and effect of such an instrument are dependent upon the law of another State, and no law of that State is pleaded, it will be presumed that the common law is of force with reference to the defenses set up by the defendant.  *Bailey* v. *Devine*, 123 *Ga.* 655 (51 S. E. 603, 107 Am. St. R. 153) ; *Ellington* v. *Harris*, 127 *Ga.* 85 (56 S. E. 314, 119 Am. St. R. 320) ; *Lay* v. *Nashville &c. Ry.*, 131 *Ga.* 345 (62 S. E. 189).  But even if the note in question should have been considered as a Florida contract, the defendant will not now for the first time be heard to claim its illegality on the ground that at common law the maker was unable to execute it, and that it was therefore void, where the record entirely fails to disclose that such defense had been in any way raised, either by plea, demurrer, or other method, so as to invoke a ruling of the lower court on such point.  This is true even though the plaintiff himself may have sought to invoke in his behalf other rules of the common law.  *Martin* v. *Moore*, 63 *Ga.* 531 (4) ; *Bailey* v. *Devine*, supra; 8 C. J. 932, § 1217 (10) ; 21 Cyc. 1565 (b, c, d) ; *Johnson* v. *Latimer*, 71 *Ga.* 470 (3) ; *Tift* v. *Wight & Weslosky Co.*, 113 *Ga.* 681 (2) (39 S. E. 503).

Judgment affirmed.  *Broyles, P. J., and Bloodworth, J., concur.*
DECIDED APRIL 25, 1917.  REHEARING DENIED JUNE 7, 1917.

Complaint; from city court of Bainbridge—Judge Spooner. September 26, 1916.

*A. E. Thornton, Hartsfield & Conger*, for plaintiff in error.
*M. E. O'Neal, T. S. Hawes*, contra.

### ON MOTION FOR REHEARING.

The decision of the court in this case was originally expressed in the foregoing headnotes.  In view of the motion for rehearing, some elaboration of the principles therein stated is deemed appropriate.  While it will be observed, from certain of the citations given in the headnotes, that in some jurisdictions the rule obtains that, in order for a defendant to avoid the legal effect of signing such an obligation as is here sued upon, on the ground of want of

capacity to incur the liability charged, such defense must be specially pleaded, this court did not so hold in the instant case, but expressly limits its ruling to the effect that such defense must appear from the record to have been raised in the trial court, either by plea, demurrer, or other method, so as to have invoked a ruling thereon by the court below.  This was a suit on five promissory notes, the first three in the sum of $100 each, the fourth for $385.86, the last for $38.75.  The first four were signed solely by Eliza Gunn, and the last by Eliza Gunn and her husband, William Gunn.  Defendant pleaded payment as to each of the three $100 notes, and set up as a defense to the other two that the debts represented thereby were not her own obligation, but that of her husband.  In support of the defenses pleaded the defendant was the sole witness; and in our opinion her evidence failed to sustain her pleas.  A judgment was directed for plaintiff by the trial judge. We quote from the bill of exceptions, as follows:  "When all of the evidence, both for the plaintiff and for the defendant, was in and both sides had announced closed, the plaintiff moved the court to direct a verdict for the plaintiff, on the ground that since said notes sued upon were executed in the State of Florida and the payee of said notes resided in the State of Florida, said notes were payable in the State of Florida, the residence of the payee; that the laws of the State of Florida should be applied and enforced in a suit for the collection of said notes, and that since the common law is presumed to prevail and be of force in the State of Florida, unless the same is proven to have been changed or abrogated by statute, and that no statutes of the State of Florida were introduced or proven changing the common law, and that at common law all the wife's property became the husband's and was therefore subject to the payment of the husband's debts, therefore the defense set up and shown by the defendant (being a married woman) would be no bar or defense to plaintiff's action; which said motion upon said ground was by the court sustained, and a verdict was directed by the court against the defendant, and in favor of the plaintiff, for the full amount sued for, principal and interest; to which said ruling and judgment of the court, in directing said verdict and causing judgment to be entered, the defendant then and there excepted, now excepts, and assigns the same as error, on the ground that the same was contrary to law."

From the exceptions quoted in full it will be observed that the bill of exceptions itself does not raise the point that the note was void at common law for lack of capacity on the part of the maker to charge herself therewith; but even if this point had there been directly raised, it would not suffice unless the record further showed that such contention was made and passed upon in the trial court. *Tindall* v. *Nisbet,* 114 *Ga.* 224 (39 S. E. 849). Ordinarily appellate courts are without jurisdiction to consider questions not raised in and passed upon by the trial court, though argued in the briefs of counsel. For numerous authorities on this line see 5 Encyclopedic Digest of Georgia Reports, 168 (F 1). As to what questions were there raised and decided the record alone must speak. *Carter* v. *Buchanan,* 2 *Ga.* 337; *Hood* v. *Griffin,* 113 *Ga.* 190 (38 S. E. 409); *Taylor* v. *Sandersville,* 118 *Ga.* 63 (5) (44 S. E. 845). And while it now appears in the motion for rehearing made by counsel for the plaintiff in error that a nonsuit was in fact asked on the ground that the note sued on was void under the rules of the common law, for lack of capacity on the part of the maker so to contract, we are unable to consider this statement as a part of the record in the case.

It is true, as pointed out in this motion, that it has been often held by the Supreme Court and by this court that "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it." *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743); *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588); *Central of Ga. Ry. Co.* v. *Brinson,* 18 *Ga. App.* 114 (5) (88 S. E. 1003); *Taylor* v. *Johnson,* 18 *Ga. App.* 162 (7) (89 S. E. 77). The reason for this rule is stated in *Henderson* v. *Maysville Guano Co.,* supra: "'Where a motion for new trial is based upon this ground, the court will review the sufficiency of the evidence as a whole, in the light of the verdict, and will not merely consider the sufficiency of the plaintiff's case to withstand the nonsuit at the particular stage at which the motion for nonsuit was made.' It is never necessary to except to the refusal of a nonsuit where the trial has resulted in a verdict on the

ground that it is without evidence to support it; for the latter exception raises the whole question more adequately than the exception to the overruling of the motion for a nonsuit would present it. Even if the motion for a nonsuit should have been sustained at the time it was made, and was therefore erroneously overruled, nevertheless, if the subsequent testimony cured the deficiency in the plaintiff's proof, the judgment would not be reversed merely because the court refusel to grant the nonsuit. On the other hand, if the deficiency in the plaintiff's case was not cured by the subsequent testimony, a verdict in favor of the plaintiff would be without evidence to support it, and upon that ground would be set aside." Still, however, where such an exception is one purely of law, as in this case, it would seem, under the authority of *Denmead* v. *Glass*, 30 *Ga.* 637, and *Johnson* v. *Latimer*, 71 *Ga.* 470, not only that the defendant could avail herself of the defense of the illegality of the contract by a motion to nonsuit, but that this court should consider an assignment of error made on such ground; the rule in such a case being that the exception should be considered whenever it appears that such defense was made and passed upon by any legal method in the trial. *Tift* v. *Wight & Weslosky Co.*, 113 *Ga.* 681, 687 (39 S. E. 503). See also *Bentley* v. *Johns*, 19 *Ga. App.* 657 (91 S. E. 999).

But it is urged in the motion for a rehearing that inasmuch as the record shows that the *plaintiff* in the court below itself attacked the defendant's plea by invoking another and different rule of the common law in its own behalf, and that the trial judge, in directing a verdict in the plaintiff's favor, based his judgment on such contention, it can not be said that the defendant did not make the defense now contended for by her, or that the same was not passed upon by the trial judge. It has often been held that if the action taken by the trial judge is without error, his reason therefor is immaterial. *Sanders* v. *Williams*, 73 *Ga.* 119 (2a); *Lavier* v. *Central Railroad*, 71 *Ga.* 222 (1); *Crittenden* v. *Southern Home &c. Asso.*, 111 *Ga.* 266 (5) (36 S. E. 643). If, therefore, the defendant failed to sustain the only defenses actually pleaded or raised by her, the judgment directing a verdict in the plaintiff's favor was not erroneous, even though another and different reason therefor was assigned. While the exception which we have quoted in full does state that the court directed a verdict on the ground

2

contended for by the plaintiff,—that since at common law the wife's estate, upon her marriage, became the property of the husband, the statutory defense of suretyship had no application under the common law,—still the exception does not show that the defendant raised the defense that the note of a married woman is absolutely void. It does not show that she in any way claimed for herself the benefit of any defense whatsoever under the common law. The principle thus invoked by the plaintiff alone was aimed at the defense pleaded by the defendant, and in support of which evidence was offered. If the defendant would rely upon the utterly separate and distinct ground now contended for, not only should it have been raised and a decision invoked thereon, but the record must itself show that such was the case.

In support of their contention counsel for the movant cite *Bailey* v. *Devine,* supra, *Lay* v. *N., C. & St. L. Ry.,* supra, and *Rush* v. *Southern Ry. Co.,* 19 *Ga. App.* 521 (91 S. E. 898). In the case of *Bailey* v. *Devine,* supra, it was held: "A note executed and made payable in another State by a citizen of Georgia is governed, as to its validity, force, and effect, by the lex loci; and, in the absence of proof as to the law of that State, the common law is presumed to be of force." The decision made in the present case was specifically based upon the assumption that the note sued on should have been considered as a Florida contract, although, under our view of the case, it was not a necessary matter for actual determination. While the notes sued on appear to have been executed by a resident of this State within the State of Florida, they are silent as to the place of payment, nor do they or the evidence disclose the domicile of the payee. However, the statement quoted from in the bill of exceptions has been taken by us to carry an admission on the part of plaintiff in the court below, showing the Florida domicile of the payee; and the assumption that the contract in question was a Florida contract is based on the general rule of law that parties are presumed to contract with reference to the laws of the place where the contract is made, unless performance thereof is intended to be had elsewhere. The rule contended for in the brief of counsel in the case of *Goodrich* v. *Williams,* 50 *Ga.* 425—"If no place is named for the payment, bound by domicile of the creditor,"—can not, however, always obtain. *Hollis* v. *Covenant Bldg. & Loan Asso.,* 104 *Ga.* 318 (31 S. E. 215). There may be many factors

which could in given cases properly enter into a determination of the question of a contract's place of performance. However, as already stated, our opinion being specifically based upon the assumption that the note sued on is a Florida contract, it is needless therefore to devote further consideration to that question. Under such an assumption, we are of the opinion that it is not necessarily incumbent upon this court to make a direct ruling thereon. *Kollock* v. *Webb,* 113 *Ga.* 762, 768 (39 S. E. 339); *Akers* v. *Jefferson County Savings Bank,* 120 *Ga.* 1066 (2) (48 S. E. 2).

In order to clearly set forth the basis of our ruling, we will quote from a portion of the motion now under consideration. In discussing the case of *Bailey* v. *Devine,* supra, counsel submit that "this was a case growing out of a suit upon a promissory note given by a citizen of this State to a citizen of the State of Colorado, and payable in Colorado. The defense set up in that case, so far as the record discloses, never mentioned the fact that since the notes were executed in a foreign State and no laws of that State were shown, the common-law rule should prevail, but the defense set out was that of *duress,* and the Supreme Court in that case based their ruling upon the fact that, the note being executed in Colorado and payable there, its validity, force, and effect were to be determined by the laws of that State." The ruling in the instant case was clearly not based upon the theory that the plea did not set up the fact that the note was a Florida contract and that the common law should therefore prevail, nor even upon the theory that the trial judge did not pass upon the question as to whether or not the note was a Florida contract. The expressed basis of the ruling, so far as the record disclosed, was that no defense relating to the *illegality* and invalidity of the contract, *under* the common law, was in any wise set up or claimed by defendant. In the case just cited the defense of duress was not only relied on, but pleaded, and the court held that the defense so raised must be measured under and in accordance with the rules of the common law. In the instant case the defense that the note was illegal, and therefore void, under the common law, not appearing to have been raised, the mere fact that an entirely different rule of that law was invoked by the plaintiff in order to attack the defendant's plea of suretyship should not be held to have set up for defendant this entirely separate and distinct ground of defense.

Referring to *Lay* v. *N., C. & St. L. Ry.*, supra, counsel for the movant say: "That suit was for personal injuries received in the State of Alabama and the suit was brought in this State. The defense in that case made *no plea* that the common-law rule should prevail, but pleaded the general issues, and the court held that since the injury complained of was received in the State of Alabama, and no law of Alabama was shown, the law of Alabama would be presumed to be the common law, and that therefore the common law should be invoked in the enforcement of plaintiff's rights." In that case, however, just as in the other just discussed, the plaintiff's right of action and the defendant's grounds of defense were asserted and passed upon under the rules of the common law. Such also was the case in *Rush* v. *Southern Ry. Co.*, supra. If the note sued on was a Florida contract, and under the pleadings its validity was to be governed by the rules of the common law, then, in order for the defendant to have claimed the benefit of its invalidity under that law, the defendant herself must have, by some legal method, such as plea, demurrer, objection to testimony, or motion for nonsuit, invoked the benefit of such defense in the court below, and the record should show that such contention was there made and passed upon.

Attention is called to the fact that in the headnotes there was no reference to exceptions taken as to the admission in evidence of certain deeds to land, made by the defendant to the plaintiff, and also to the admission of a writ of ejectment involving the same land. In a suit on notes, where it appears that the defense of suretyship on the part of a married woman is not sustained by her testimony, even the immateriality of such evidence would not seem to constitute such error as would authorize a reversal. However, in a defense of this character one of the principal questions for determination is the person to whom the money loaned or advanced actually passed; and therefore the question of title to the land, for the extinguishment of a lien against which a portion of the money was loaned, and for the operation of which the remainder was advanced, would certainly appear to have been a material question, upon which the testimony admitted was relevant. We therefore do not think such documentary evidence was improperly admitted.

It is the opinion of this court that the motion for rehearing should be refused.