### 9431. SMITH *v.* CITY OF ATLANTA.

BLOODWORTH, J. 1. There was evidence authorizing a finding that the defendant had violated the latter part of section 1768 of the Code of the City of Atlanta, providing a punishment for keeping a "dive," defined as follows: "a place where men or women loiter and idle, who are without means of support, or who, being without such means of support, loiter and idle away their time, and do not work; such place shall be known as a 'dive.'" The uncontradicted evidence showed that three lewd women roomed at the hotel kept by the defendant, and there they plied their immoral profession and received money therefor. Women whose livelihood depends solely upon immoral practices are, in the eyes of the law, without means of support. It can be clearly inferred from the evidence in this case that these lewd women were without any lawful means of support. Moreover, the evidence further shows that, in addition to these three prostitutes, two women who were without any means of support had remained at the defendant's hotel for about four weeks.

2. There is no merit in the contention that the portion of the municipal ordinance quoted is void because covered by section 382 of the Penal Code of 1910, which defines the offence of maintaining and keeping a lewd house; or in the contention that it is covered by section 449 of the Penal Code, which defines the offense of vagrancy.

3. Under the facts of this case no error was committed by the recorder pro tem. in reference to the isolation of witnesses for the city. When his attention was called to the complaint of the attorney for the defendant that he had not been allowed to talk with these witnesses, the recorder promptly gave to the attorney an opportunity to do so.

4. Questions not mentioned in the petition for certiorari and not passed upon by the judge of the superior court, and raised for the first time in the brief of the plaintiff in error, present nothing for determination by this court. *Drew* v. *Drew,* 146 *Ga.* 481 (91 S. E. 541); *Kelly* v. *Fudge,* 2 *Ga. App.* 760 (59 S. E. 19).

5. The evidence which it was sought to exclude was in each instance admissible as against the objection urged, and should not have been ruled out, even though the recorder pro tem. gave a wrong reason for admitting it.

6. The defendant offered no evidence and made no statement in his own behalf. The evidence authorized the judgment of the recorder, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED MARCH 13, 1918.

Certiorari; from Fulton superior court—Judge Pendleton. November 23, 1917.

*Roy Lewis,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.