9668. LANGFORD *v.* MOUNT ZION BAPTIST CHURCH *et al.*

WADE, C. J. 1. A suit can not be maintained against an unincorporated church. *Mutual Life Ins. Co.* v. *Inman Park Church,* 111 *Ga.* 677 (36 S. E. 880); *Wynn* v. *Richard Allen Lodge,* 115 *Ga.* 796 (42 S. E. 29); *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). Neither can a suit against an unincorporated church be converted by amendment into a suit against a corporation or body politic. *Barbour* v. *Albany Lodge,* 73 *Ga.* 474; *Roberts* v. *Tift,* 136 *Ga.* 901, 904 (72 S. E. 234). In the instant case the unincorporated organization which in the original petition was designated as defendant had no legal existence, and an amendment attempting to allege that it was a body politic in certain particulars and for specified purposes did not save the petition, since the suit as originally filed was a mere nullity and there was nothing to amend by. The plaintiff argues that the purpose of his amendment was to bring the suit under the provisions of section 2830 of the Civil Code (1910), but contends that this did not convert the unincorporated religious organization into a corporation. However, the title of that section is "Societies *incorporated,*" and the language thereof is that when there is a compliance therewith, such societies "are hereby made bodies politic and corporate for the purposes named." The Supreme Court has also construed this section as creating a corporation. In the decision in the case of *Mountain Top Missionary Baptist Church* v. *McLarty,* 133 *Ga.* 548 (66 S. E. 243), it is said: "An action in tort is not maintainable by a church *incorporated* under the Civil Code [1895], § 2357 [1910, § 2830], in its corporate name," etc. Then, too, the amendment did not show a compliance with the provisions of section 2830, supra.

2. The petition under review contained two counts, one founded on contract and the other based on quantum meruit. The original petition failed to describe any property or to assert a lien thereon. Neither did the declaration set up a claim against a trust estate, under the Civil Code, § 3786 et seq. The plaintiff attempted by amendment to set up a lien against a certain lot of land and to follow the proceeds of a sale of that particular lot into another lot subsequently purchased. Clearly this added a new and distinct cause of action to the original petition, subjecting it to demurrer for that reason. So, also, if the amendment could legally convert the original action into a claim against a trust estate, then obviously no parties other than the trustees of the

church were necessary, and the other parties should be dismissed. See *Kelsey* v. *Jackson*, 123 *Ga.* 113, 114 (50 S. E. 951).

3. The petition was subject to demurrer for the reasons stated above, and the trial court did not err in so holding.

> *Judgment affirmed. Jenkins and Luke, JJ., concur.*
> DECIDED OCTOBER 16, 1918.

Complaint; from city court of Savannah—Judge Davis Freeman. March 4, 1918.

In the original petition it is alleged, that the Mount Zion Baptist Church is an unincorporated religious organization under the government and control of a pastor and a board of trustees; that H. D. Butler is the pastor of said church, and William Black and others named are the trustees of said church, and that the said Mount Zion Baptist Church and the pastor and trustees thereof are indebted to petitioner in the sum of $500; that the said pastor and trustees are likewise indebted to petitioner in the sum of $500 individually, by reason of their being officers and members of said unincorporated religious organization and successors of the former pastor, officers, and trustees of said church. It is prayed that the petitioner may recover judgment in the sum of $500 of the said Mount Zion Baptist Church, an unincorporated religious organization, and of the said pastor and board of trustees as officers and as individual members thereof. In the first count of the petition it is alleged, that said indebtedness arises by reason of a contract entered into between petitioner and the former pastor and board of trustees representing said church (naming them), according to the terms of which petitioner was to prepare and deliver detailed plans and specifications for the improvement of the church building of the said Mount Zion Baptist Church; that his compensation for such services was to be 5 per cent. of the contract price of the building, and the contract price of the building was $10,000; that he has drawn the detailed plans and specifications of the said church and delivered them to the pastor and board of trustees then acting for said church and representing it, and the said debt is due and payable, and no part of it has been paid. In the second count it is alleged that the plans and specifications mentioned were prepared and delivered to the former pastor, trustees, and officers representing the church and duly authorized by the church, at their special instance and request, and that the reasonable value of the services rendered by him to the church and to the said officers, trustees, and individuals is $500.

An amendment, filed after demurrer to the petition, strikes from the suit "the names of the various individuals, so that the suit shall proceed alone against the Mount Zion Baptist Church, an unincorporated religious organization, and against the parties named as pastor and as trustees thereof;" and alleges that "the plans and specifications were delivered to the Mount Zion Baptist Church some time prior to April 28, 1912, and accepted by the church on that date or a few days prior to that time." On May 18, 1917, the demurrer as amended was sustained in a judgment providing that "Plaintiff is allowed until June 1st, 1917, to amend to meet the demurrers; if not so amended by said date the case will stand dismissed." On June 23, 1917, the court allowed ("subject to objection and demurrer") an amendment in which it is alleged: At the time plaintiff performed the service for which suit is brought, the Mount Zion Baptist Church owned a lot in the City of Savannah, described, and the said plans prepared by plaintiff and accepted by said church were for a building on this lot. Shortly after the plans were submitted the defendant church sold this lot for $6,000, and with the proceeds purchased a lot at Waldburg Street Lane and West Broad Street in the City of Savannah, on which there was a completely equipped church. The lien of plaintiff's claim against said organization attached to the first lot and to the proceeds thereof, and follows the same into the lot in which the proceeds were finally invested. The Mount Zion Baptist Church has entered of record in the clerk's office of the superior court of Chatham county the name of the said religious organization, together with the names of its trustees and officers. Such entry appears on the record of the superior court of Chatham county, Georgia, in Book of Deeds, 8-B, 298. The property first above described was conveyed to such trustees and officers and to such church as an unincorporated religious body. Such entry appears in the deed, dated August 14, 1899, wherein J. Livingston Minis conveyed said lot to George Anderson and others named, as trustees of Mount Zion Baptist Church, an unincorporated religious body, and to their successors, with power to them to sell the property at private or public sale, without order of court and without advertisement, when authorized by the congregation of the church. The said deed was accepted by the church and recorded in the clerk's office, and the land thereunder was sold and the pro-

ceeds reinvested in the lot on Waldburg Street Lane. The Mount Zion Baptist Church again entered its name and the names of its trustees and officers in said clerk's office on January 25, 1913. Such entry appears in the deed dated January 17th, 1913, wherein two lots of land in Savannah (described), being the land on which now stands the church building occupied by the Mount Zion Baptist Church, were conveyed by the First Bryan Baptist Church, a corporation, to R. L. Lockley and others named, as trustees for the Mount Zion Baptist Church, for $9,500; the said entry reciting that by virtue of the sale of said property the Mount Zion Baptist Church went into possession thereof and has been in possession ever since, under said deed, and the defendant entered the same, containing the recitals mentioned, in the said clerk's office. After this amendment to the petition the demurrer was renewed orally; the court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

In the demurrer it was contended that no cause of action was set out against the defendants, and that there was a misjoinder of parties, in that the plaintiff undertook to join as defendants the Mount Zion Baptist Church, the defendants as individuals, and the defendants as pastor and trustees of the church. The allegations that the pastor and trustees were indebted were demurred to as not setting forth any good reason why they were indebted.

In the brief of counsel for the plaintiff in error it was contended that "the record of the name, style, and objects of the association, as provided by section 2830 of the Civil Code (1910), does not make an unincorporated religious organization a corporation in the true sense of the term, but merely makes it a legal entity capable of being sued and having the privileges of a corporation in specified particulars;" that the filing for record in the clerk's office of an instrument conveying property to the church, reciting the name of the organization, the names of its trustees and the purposes of the organization and the trust, renders the organization subject to suit; that in a suit against the trustees the trust property may be subjected to the payment of a debt for services rendered for the improvement of the property; and that the suit, if erroneously brought, was amendable.

*Oliver & Oliver*, for plaintiff in error, cited: Civil Code (1910), §§ 2824-9, 2830, 3786 et seq.; *Kelsey v. Jackson*, 123 *Ga.* 113;

*Thurmond* v. *Cedar Spring Church,* 110 *Ga.* 816; *Mutual Life Ins. Co.* v. *Inman Park Church,* 111 *Ga.* 677; *Wilkins* v. *Wardens of St. Mark's Church,* 52 *Ga.* 351; *Gress Lumber Co.* v. *Rogers,* 85 *Ga.* 587; *Josey* v. *Union Loan & Trust Co.,* 106 *Ga.* 608, 612; *Perkins Co.* v. *Shewmake,* 119 *Ga.* 617; *Adas Yeshurun Society* v. *Fish,* 117 *Ga.* 345; *Smith* v. *Columbia Jewelry Co.,* 114 *Ga.* 691; *Georgia &c. Asso.* v. *Borchardt,* 123 *Ga.* 181 (4); *Austin* v. *Ferst's Sons Co.,* 2 *Ga. App.* 91 (4); *Heyman* v. *Decatur Street Bank,* 16 *Ga. App.* 15 (5, 6); *Atlantic Coast Line R. Co.* v. *Cook,* 6 *Ga. App.* 128.

*H. W. Johnson,* contra, cited cases cited in the decision.