18042.   ZEIGLER *v.* PERRY *et al.* trustees.

JENKINS, P. J.   1.   Under sections 3786 et seq. of the Civil Code of 1910, a claim against a trust estate may be enforced in a court of law, and in such a case the trustees are the only necessary parties. *Kelsey* v. *Jackson,* 123 *Ga.* 113 (50 S. E. 951); *Josey* v. *Union Loan & Trust Co.,* 106 *Ga.* 608 (32 S. E. 628); *Holmes* v. *Bankston,* 149 *Ga.* 668 (101 S. E. 792); *Langford* v. *Mt. Zion Baptist Church,* 22 *Ga. App.* 696 (97 S. E. 102). Where a suit is brought against trustees to enforce a lien against described property, in the absence of a demurrer it will be presumed that the property is held by the trustees for the benefit of the trust estate.

(*a*) While a suit can not be maintained against an unincorporated church, such action being a mere nullity (*Langford* v. *Mt. Zion Baptist Church,* supra), in an action against the church itself, where the petition is silent as to incorporation and the church answers without raising the question, it will be presumed, in the absence of demurrer, that the defendant church had become incorporated under the provisions of sections 2824 et seq. of the Civil Code of 1910.

(*b*) In an action such as indicated above, brought against the trustees of a church in their representative capacity and against the church itself, where there is no demurrer and where the trustees in their answer do not deny that they hold the legal title to the property on which a special lien is sought, and where the church itself does not deny its

Certiorari, 11 C. J. p. 212, n. 65; p. 218, n. 77 New, 80, 81; p. 222, n. 35.
Religious Societies, 34 Cyc. p. 1198, n. 25.
Trusts, 39 Cyc. p. 452, n. 96 New.

incorporation, but where the trustees and the church plead to the merits of the suit, the action must be taken as one against the trustees and the church as separate defendants, first, to enforce a lien against the property held by the trustees, and second, against the church as an entity. In such a case the liability of the church to be sued can not be questioned for the first time in this court. *Gunn* v. *Wilson*, 20 *Ga. App.* 14 (92 S. E. 721); *Grant* v. *General Baptist Convention*, 10 *Ga. App.* 392 (73 S. E. 422). If the suit was defective because of a failure to set forth the terms and character of the trust, or because of a misjoinder of parties, such defects were amendable, and, no demurrer being interposed upon such grounds, were cured by the verdict. *Artope* v. *Barker*, 74 *Ga.* 462; *Love* v. *National Liberty Ins. Co.*, 157 *Ga.* 259 (121 S. E. 648).

2. Where in such a case a verdict and judgment are rendered in favor of the plaintiff and against the church and the trustees, "as trustees," setting up a special lien in favor of the plaintiff upon the described property, as prayed, and a motion for new trial is filed and overruled, and no exception is taken thereto by the church, but a petition for certiorari is brought by the trustees to review the judgment, the church is not a necessary party to a bill of exceptions brought to this court to review the judgment of the superior court sustaining the certiorari, since the church, not having excepted to the judgment overruling the motion for a new trial, and not being a party to the petition for certiorari, is not "interested in sustaining the judgment of the court below." Accordingly, the motion to dismiss the writ of error, upon the ground that the church is not made a party as defendant in error, must be denied. *Turner* v. *Newell*, 129 *Ga.* 89 (58 S. E. 657); *Ruffin* v. *Paris*, 75 *Ga.* 653; *Jordan* v. *Gaulden*, 73 *Ga.* 191.

3. In such a case, where no motion is made in the superior court to dismiss the certiorari brought by the trustees, and no objection is there made to their maintaining such proceeding, their right to do so because not appearing as movants in the motion for new trial in the city court can not be questioned for the first time in this court. *Smith* v. *Atlanta*, 22 *Ga. App.* 45 (4) (95 S. E. 470); *Gunn* v. *Wilson*, and *Grant* v. *General Baptist Convention*, supra.

4. A judgment of the superior court sustaining a certiorari for the first time is "equivalent to the first grant of a new trial;" and where a verdict is not demanded by the evidence, the judgment sustaining the certiorari and granting a new trial should be affirmed. *Murray* v. *Stribling*, 28 *Ga. App.* 211 (110 S. E. 761); *Nickajack Milling &c. Co.* v. *International Vegetable Oil Co.*, 26 *Ga. App.* 473 (106 S. E. 300); *Gresham* v. *Lee*, 28 *Ga. App.* 576, 580 (112 S. E. 524), and cit. However, when the final determination of a case tried in an inferior court "and carried by certiorari to the superior court does not depend upon any controlling question of law, and there are issues of fact involved, the superior court has no authority to render a final judgment therein, although it may clearly appear from the facts disclosed by the record that the verdict rendered in the lower court was without evidence to support it." *Patterson* v. *Central of Ga. Ry. Co.*, 117 *Ga.* 827 (45 S. E. 250); *Holmes* v. *Pye*, 107 *Ga.* 784 (33 S. E. 816); *Walker* v. *Reese*,

110 *Ga.* 582 (35 S. E. 771) ; *Bryan* v. *Central of Ga. Ry. Co.*, 117 *Ga.* 827 (45 S. E. 72) ; *State* v. *Johnson*, 21 *Ga. App.* 320 (94 S. E. 325). Accordingly, while the judge of the superior court did not abuse his discretion in sustaining the certiorari, it was error to go further and render final judgment for the plaintiff in certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1928.

Certiorari; from Laurens superior court—Judge Camp. January 27, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

Zeigler, the pastor of St. Paul A. M. E. Church, brought suit in the city court of Dublin against the church and against named persons as trustees of the church, alleging, by his petition as amended, that the defendants entered into a ·contract with him whereby he was to "repair, improve, and furnish materials for the rebuilding and remodeling of the parsonage of the St. Paul A. M. E. Church, Dublin, Georgia, and that there was a balance due him, under the contract, of $711.61, and praying for a general judgment against the defendants and a special judgment against the property under a claim of lien alleged to have been recorded as provided by law against "the parsonage of the St. Paul A. M. E. Church, Dublin, Ga." . It is not alleged by the petition whether the church is or is not incorporated, nor is it alleged whether title to the premises is in the church or in the trustees for the church. No demurrer was interposed by the defendants, but the trustees and the church filed an answer in which they denied the indebtedness sued for, and claimed that the plaintiff was indebted to the defendants in a certain sum already received by him on account of the work done. On the trial, the evidence was in conflict, the · plaintiff testifying that the parsonage was damaged by fire, and that the trustees agreed for him to be in charge of the repairing and rebuilding; that no limit was made as to the amount of money he should spend on the work, but that insurance collected on account of the damage was to be paid over to him from time to time; that "they wanted a good, first-class job, and if the insurance was not sufficient, they were to take up donations for the remainder." He testified to a balance due him in the amount sued for on account of labor and materials furnished in doing the work. Testimony was offered by the defendants, to the effect that the plaintiff agreed to take the insurance collected and repair the parsonage, and that the repairs and improvements actually made were worth

no more than such sums already paid over to him; that no demand had ever been made by the plaintiff for any additional sum, and that he had refused to exhibit to the trustees any itemized statement of his claim. The jury returned a verdict in favor of the plaintiff in the reduced sum of $301.78; whereupon judgment was entered in favor of the plaintiff against the trustees as such, and against the church, and setting up the plaintiff's lien against the property described, in the amount of the judgment. A motion for a new trial was filed, the original motion being captioned "S. M. Zeigler v. A. M. E. Methodist Church, St. Paul," and beginning "the defendant being dissatisfied," etc., and the amendment thereto being captioned "S. M. Zeigler v. St. Paul A. M. E. Church et al.," and beginning, "Now comes movant," etc. The motion for new trial was overruled by the trial judge, and a petition for certiorari was presented to the judge of the superior court by named persons as "trustees of the St. Paul A. M. E. Church, Dublin, Ga." Upon the hearing the judge of the superior court sustained the certiorari, and entered up final judgment against the plaintiff. The writ of error is brought to review that judgment; and there is a motion to dismiss the writ of error, because the St. Paul A. M. E. Church is not named or made a party as defendant in error.

*C. C. Crockett, W. F. Bell, W. J. Collins*, for plaintiff.

*T. E. Hightower, S. P. New*, for defendants.