19364. PERRY, trustee, *et al. v.* ZEIGLER.

DECIDED MARCH 5, 1929. REHEARING DENIED APRIL 10, 1929.

*S. P. New, T. E. Hightower,* for plaintiffs in error.
*C. C. Crockelt, W. F. Bell, W. J. Collins,* contra.

BLOODWORTH, J.  S. M. Zeigler, the defendant in error, brought suit in the city court of Dublin against certain named persons as trustees of St. Paul A. M. E. Church, Dublin, Ga., and against the said church, the same being a suit to enforce a materialman's lien, and the prayers of the petition being for a general judgment against the defendants and a special judgment against certain real estate, "said lands and improvements known as the parsonage of the Methodist church (colored)." This case was tried at the June quarterly term, 1928, of said court, and a general verdict in favor of the plaintiff was returned. Thereupon the judge presiding entered a judgment against the trustees as such, and against the church, setting up the plaintiff's lien against the property described. A motion for a new trial was filed by the A. M. E. Methodist Church (St. Paul). This motion was overruled and a petition for certiorari was presented to the judge of the superior court by named persons "as trustees of the St. Paul A. M. E. Church, Dublin, Ga." Upon a hearing of the petition the judge of the superior court sustained the certiorari and entered judgment against the plaintiff. A writ of error was brought to review that judgment, and there was

a motion to dismiss that writ of error because *the St. Paul A. M. E. Church was not named or made a party as defendant in error.* This was upon the first appearance of the case in this court; and this court held, under the pleadings and facts then before it, that "the action must be taken as one against the trustees and the church as separate defendants," and that "the church is not a necessary party to a bill of exceptions brought to this court to review the judgment of the superior court sustaining the certiorari, since the church, not having excepted to the judgment overruling the motion for a new trial, and not being a party to the petition for certiorari, is not 'interested in sustaining the judgment of the court below.' Accordingly, the motion to dismiss the writ of error, upon the ground that the church is not made a party as defendant in error, must be denied." *Zeigler* v. *Perry,* 37 *Ga. App.* 648 (2) (141 S. E. 426). This court then held also that the judge of the superior court did not abuse his discretion in sustaining the certiorari.

The case went back to the superior court and the remittitur from this court was filed in the office of the clerk of the superior court on January 25, 1928. The petition was then before the superior court for such action as it might take not in conflict with the decision heretofore rendered by this court and that was otherwise legal. . From the bill of exceptions it appears that the defendant in certiorari "made a motion to dismiss the petition, on the ground that the petitioners therein were not movants in the motion for a new trial in the city court of Dublin and not parties to the overruling of the motion of which they complain." This motion does not appear in the record, but that it was made is not only stated in the bill of exceptions, but counsel for both sides argue that the motion was made (as shown by the brief of counsel for the plaintiff in error, it was oral), and the judgment of the superior court from which the bill of exceptions to this court was taken recites such a motion.    The court did not err in sustaining the motion and dismissing the certiorari, as the record· shows that the petitioners for certiorari were not movants in the motion for a new trial in the city court and not parties to the overruling of the motion for a new trial of which they complain.

*Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*