31857. SMITH *v.* JARRETT *et al.,* trustees.

Decided February 19, 1948.

526

*Albert W. Stubbs, Frank U. Garrard Jr.,* for plaintiff.

*Theo. J. McGee, John G. Cozart,* for defendants.

SUTTON, C. J. (After stating the foregoing facts.) The plaintiff's suit was on an account against the named defendants as trustees of the Gentian Baptist Church in Muscogee County, Georgia. It appeared from the petition that this church was unincorporated, but it was not alleged that a certificate of appointment of said trustees had been recorded in the office of the Clerk of the Superior Court of Muscogee County, Georgia, as provided by the Code, § 22-414. The statement of the account attached to the petition failed to show what the items listed thereon were furnished for, and the prayer was only for a judgment for the amount sued for and costs. The original petition failed to set out a valid cause of action. An action cannot legally be maintained by or against an unincorporated church as an entity. But where trustees hold title to property for an unincorporated church, and where no certificate has been filed in the office of the clerk of the superior court, as provided by the Code, § 22-414, the trust property may be subjected, by proper proceedings, to a debt for which the church is liable, and in such a proceeding the trustees are the only necessary parties defendant. *Josey* v. *Union Loan & Trust Co.,* 106 *Ga.* 608 (32 S. E. 628) ; *Kelsey* v. *Jackson,* 123 *Ga.* 113 (50 S. E. 951) ; *Zeigler* v. *Perry,* 37 *Ga. App.* 647 (141 S. E. 426).

It is plain that the original petition did not make such a proceeding. But the plaintiff in error contends that his petition was amendable and that the petition as amended did constitute such a proceeding, and that he is entitled to maintain the suit under the provisions of the Code, § 108-501 et seq. These sections are as follows: "Any person having a claim against any trust estate for services rendered to said estate, or for articles or property or money furnished for the use of said estate, or any claim for the payment of which a court of equity would render said estate liable, may collect and enforce the payment of such claim in a court of law." § 108-501. "The person having such claim as provided in the preceding section, if the same exceeds the sum of $100, may file his petition, setting forth the grounds of such claim, how and in what manner said estate is liable for the payment of said claim, and the names of the trustee and the cestui que trust, which petition shall be filed in the office of the clerk of the superior court under the same rules and regulations as in ordinary cases at common law, and the subsequent proceedings shall be, in all respects, the same." § 108-502. "The judgment thus rendered shall impose no personal liability on the trustee, or in any way render his property liable for the payment of the same; but said judgment shall bind only such trust estate, and execution shall issue accordingly." § 108-505. "All executions issued upon judgments rendered under the provisions of sections 108-501 to 108-505 shall specify in the body of the execution the property upon which the same is to be levied, and it shall be levied on no other property." § 108-506.

The petition as amended contained no sufficient description of the parsonage or the land on which it was situated. The judgment in such a proceeding as the plaintiff in error contends he has here shall impose no personal liability on the trustees. It is not their debt and they are not liable personally. Only a special judgment can be rendered in such a proceeding, and shall bind only the trust property, which must be described in the declaration seeking to subject the same to the payment of the debt, and the execution shall issue accordingly. Code, § 108-506 plainly provides: "All executions issued upon judgments rendered under the provisions of sections 108-501 to 108-505 shall specify in the body of the execution the property upon which the same is to be levied, and it shall be levied on no other property."

It was held in *Winslow* v. *O'Pry,* 56 *Ga.* 138 (1, 2): "The declaration at law upon a claim against a trust estate must show on its face that the claim is for services rendered to the estate, or for articles, property, or money furnished for the use thereof, or allege other facts sufficient to make a case where a court of equity would render the estate liable for the payment of the claim. . . The execution must specify the property on which the same is to be levied. This requirement, since the execution must follow the judgment, renders it necessary that the judgment, also, should specify the property. And, as the judgment should conform to the pleadings, the property must, first of all, be specified in the declaration." There was no prayer for a special judgment in the present suit, or that any described property be subjected to the payment of the alleged indebtedness. Neither the original petition nor the petition as amended set out a cause of action that would authorize a recovery in behalf of the plaintiff. The court did not err in sustaining the defendants' general demurrers and in dismissing the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*