No. 22.—JOHN J. WOODSON, plaintiff in error, *vs.* JAMES LAW, defendant.

[1.] The plaintiff, in an action of trover, will be allowed to amend his declaration, by changing the christian name of the plaintiff from William to James, where it manifestly appears to the Court such amendment will be in furtherance of justice.

Trover, &c. in Muscogee Superior Court. Motion to amend. Decided by Judge ALEXANDER, May Term, 1849.

Suit was instituted in the name of *William* Law against Woodson, for the recovery of a negro slave. There was an appeal by consent, and on the case being called on the appeal, counsel for plaintiff moved the Court to amend the pleadings by changing the name of *William* to *James;* the counsel stating in his place—affidavit being waived—that *James* Law was his client, and by mistake he brought the action in the name of *William* Law; and that if he should be compelled to take a nonsuit, the right of action would be barred by the Statute of Limitations.

The Court allowed the amendment, and defendant excepted.

JAMES JOHNSON, for plaintiff in error, cited—

1 *Cowen*, 37.   8 *Eng. Com. Law*, 272.

W. DOUGHERTY, for defendant in error.

*By the Court*—WARNER, J. delivering the opinion.

[1.] The ground of error alleged to the decision of the Court below, in this case is, that the plaintiff below was permitted to amend his declaration, by changing the christian name of the plaintiff from William to James Law.   On the application to amend the declaration, it was judicially made to appear to the Court by the plaintiff's attorney, that James Law was his client, and that by *mistake*, he brought the action in the name of William Law ; and that, if nonsuited by the Court, the plaintiff's right of action would be barred by the Statute of Limitations.

The Act of 1818, respecting amendments, is very broad and comprehensive in its terms, and ought, in our judgment, when invoked for the furtherance of justice, to receive a liberal construction.   *Prince*, 442.   *Martin vs. Phillips*, 4 *Georgia Rep.* 203.   *Taylor vs. Lyon*, 15 *Eng. Com. Law Rep.* 461.   *Brace vs. Benson*, 10 *Wendell's Rep.* 213.   The amendment in this case was allowed under the provisions and restrictions of the 54th Common Law rule of practice.   *Hotchkiss*, 950.   The application to amend the plaintiff's declaration was made in furtherance of justice, and we will not control the discretion of the Court below, in allowing it.

Let the judgment of the Court below be affirmed.