JERNIGAN, executrix, *vs.* CARTER.

1. Where a case is tried on three issuable pleas, to-wit : not indebted, *non est factum*, and that the plaintiff was dead when the action was commenced, a verdict in favor of the plaintiff for the amount of the note declared upon, is a finding against the defendant on all the pleas.
2. A suit in the name of Neal Carter may be maintained, though the full name be John Neal Carter, and though the person be usually called John, and only occasionally called Neal. The misnomer is amendable instanter. That the father of John Neal Carter was named Neal Carter, and was dead when the suit was brought, will not make the action void, or cause it to abate, if the son and not the father, was the real party from the beginning.
3. Where the note declared upon has been lost pending the action, a true copy annexed to the declaration being still in existence and produced at the trial, the trial may proceed without establishing a copy in lieu of the lost original, though a plea of *non est factum* be filed. The genuineness of the original, and the correctness of the preserved copy, may be established by parol evidence.

Verdict. Pleadings. Parties. Amendment. Lost papers. Practice in the Superior Court. Before Judge CRAWFORD. Marion Superior Court. October Term, 1877.

Neal Carter brought complaint against Sarah L. Jernigan, executrix of Ptolemy Jernigan, on a note, dated March 5, 1861, due December 25, next thereafter, payable to Jessie Carter, or bearer, for $794.93. The defendant pleaded the general issue, *non est factum*, and that the plaintiff was dead at the commencement of the suit.

The evidence, so far as is necessary to an understanding of the decision, is stated in the opinion.

The jury found for the plaintiff. The defendant moved for a new trial upon the following grounds, to-wit:

1. Because the verdict was contrary to the law and the evidence.

2. Because the court permitted the defendant to show that the original note was lost, and to go into its contents by parol, no steps having been taken to establish a copy.

The motion was overruled, and the defendant excepted.

B. B. HINTON & SON, by PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & MILLER, for defendant.

BLECKLEY, Judge.

1. If the jury had believed that the evidence established any one of the three pleas, a verdict in favor of the plaintiff for the amount of the note declared upon, would have been impossible. Such a verdict necessarily negatives each and all of the pleas. It is alike inconsistent with "not indebted," *non est factum*, or that the plaintiff was dead when the action was commenced.

2. Misnomer is amendable instanter: Code, §3483. Hence, the suit was not void, though the plaintiff was described as Neal Carter, when his full name was John Neal Carter, and though, according to the evidence, he was usually called John, and only occasionally called Neal. Who was the real plaintiff from the beginning was a question of fact, and the evidence was ample to warrant the jury in believing that it was John Neal Carter, and not his father, Neal Carter, the latter of whom was dead when the suit was brought. The death of a person who was in fact not the plaintiff, though of the same name as that by which the plaintiff was described in the declaration, would not make the action void or cause it to abate. At bottom, the

question is about persons, and not names, though in ascertaining persons names are important.

3. A lost note may be sued upon without taking steps to establish a copy, the Code, §3986, being permissive or cumulative, not mandatory or exclusive. 42 *Ga.*, 462. The loss of the note while suit upon it was pending, did not render the establishment of a copy indispensable in order for the suit to proceed. There was a true copy annexed to the declaration.

That there was a plea of *non est factum* makes no difference. The plea could be met and overcome by sufficient parol evidence that the lost note was genuine, and that the copy preserved was correct. Cited in the argument: 51 *Ga.*, 232; 30 *Ib.*, 545; Code, §3986.

Judgment affirmed.