## MURPHY *et al. vs.* PEABODY *et al.*

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. All misnomers in pleadings being amendable instanter, a demise in ejectment from George Foster Peabody may be corrected by striking out George Foster and inserting Charles J., so as to make the name read Charles J. Peabody.

2. When the declaration contains two demises from different lessors, the plaintiff may recover by showing title in either lessor. In this case, the charge of the court "that if there was a deed, and it gave the lot after Adela Arnold's death to either one of the Peabodys, they might recover," was only a particular application of this general rule, the defendant as well as the plaintiff claiming under the alleged maker of the deed.

3. If land be wholly paid for by one person and the conveyance made to another, and the former goes into the exclusive possession and so remains, and after mortgaging the premises dies, and the conveyance was never recorded and is not produced, being lost or destroyed, if its contents be doubtful, there may be a fair presumption of either an express trust or resulting trust in fee in favor of the person whose money paid for it; but if the evidence show that the conveyance created a remainder for the benefit of the nominal vendee or of his minor son, or if it show that all or even a considerable part of the purchase money was paid by the nominal vendee, any conjecture of a trust in fee in behalf of the late occupant of the property is rebutted.

4. The mortgagee having administered, as creditor, and sold and conveyed the premises as administrator, and the purchaser having had the deed recorded within twelve months after its execution, such recording gave this deed no preference over the remainder, if any, created by the older unrecorded deed, the older deed not emanating from the intestate whose administrator made the younger, but from the person who conveyed to one of the plaintiff's lessors at the time or before said intestate entered into the possession. The doctrine of voluntary conveyance with subsequent conveyance to a *bona fide* purchaser is not applicable to the facts in evidence. A request to charge may be disregarded where the charge as given embraces the same matter or as much of it as is appropriate.

5. Error cannot be assigned on the verdict of the jury, no motion in respect thereto having been made below.

Ejectment.  Misnomer.  Amendment.  Trust.  Deeds.
Registration.  Charge of Court.  New Trial.  Before

Judge CRAWFORD. Muscogee Superior Court. November Adjourned Term, 1878.

Ejectment was brought on the demises of Joseph Jefferson, George H. Peabody and George Foster Peabody, against Mary E: and E. M. Murphy, tenants in possession, for two lots of land known as numbers two and three in a village near and above the city of Columbus, laid off by Seaborn Jones. The defendant, Mary E. Murphy, pleaded, in substance, as follows:

On the —— day of ——— the title of the premises was in Jefferson. On that day he sold the same to Adela Arnold, who paid the purchase money therefor, went into possession, and so remained until her death, which occurred on the —— day of ———. At the time of the purchase she said to Jefferson that she wanted the place to go to a little son of George Peabody after her death, and the deed was so made, to-wit: to said Adela for life, with remainder to said son. Neither George Peabody, nor his son, was in any way related to said Adela, nor was she bound in any way to provide for either. After the death of said Adela, letters of administration upon her estate were granted to Russell, who, after obtaining the usual and proper order, and after having duly advertised the same, sold the property to defendant for —— dollars, she being the highest and best bidder, and placed her in possession of the premises, where she has so remained ever since. She bought without notice, actual or constructive, of any deed to Peabody or to any one else. No such deed was ever recorded. She is a *bona fide* purchaser without notice, and Peabody is a mere volunteer, and therefore, in equity and good conscience, is not entitled to said land as against her. Wherefore she prays that plaintiff be enjoined from the further prosecution of said action against defendant for the recovery of said land.

Plaintiff subsequently amended the count on the demise of George Foster Peabody, by changing the name wherever it appeared to that of Charles J. Peabody.

The jury found the premises in dispute in favor of Charles E. Peabody.

The facts, so far as material, are stated in the opinion.

WILLIAMS & CRAWFORD ; J. M. RUSSELL, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

BLECKLEY, Justice.

1. Whether a misnomer is amendable does not depend upon whether it is slight or gross. No case is too desperate to be healed ; all misnomers in civil pleadings are amendable. Code, §3483. Certainly, it is a wide miss to write George Foster when the draftsman means Charles J., but such a blunder is only a misnomer, and the remedy is easy and instantaneous. The rule of amendment is as broad as the doctrine of universal salvation.

2. Both parties claimed under Jefferson, and the question was, to whom had Jefferson conveyed? The deed was destroyed, and one theory of its contents was that it created in Adela Arnold an estate for life, with remainder to Peabody ; and there was a question *which* Peabody, whether father or son. There was a demise from each. The court charged " that if there was a deed, and it gave the lot, after Adela Arnold's death, to either one of the Peabodys, they might recover." This was but a particular application of a well-known general rule, namely, that where the declaration in ejectment contains two demises, from different lessors, the plaintiff may recover by showing title in either lessor. Whoever understands the first principles of the action of ejectment will not need authority for so elementary a rule as the one to which the court adverted.

3. A thing certain in the case was, that Jefferson had received his purchase money and had made a deed. The deed, having been destroyed by fire, could not be produced. Whether it was made to Peabody the father, or to Peabody

the son, was open to contest. So it was, as to whether the fund which paid for the land belonged to the former or to Adela Arnold, or was some of it his, and some of it hers. It was also in dispute how the deed read; whether it declared a trust, or rested upon the doctrine of resulting trust, or whether it conveyed a clear estate to the grantee or his usee in fee simple, or whether it cut the estate into one for life in Adela Arnold, with remainder to one of the Peabodys after her death. She, it seems, went into exclusive possession, and so remained while she lived. She mortgaged the premises to secure her own debt, and died, leaving the incumbrance outstanding. The deed from Jefferson, which was the source of her title, if she had any, was never recorded, and no copy of it was preserved. Under these circumstances, if the land was wholly paid for by her, and the real contents of the deed be left by the evidence in doubt, there may be a fair presumption of either an express trust in fee, or a resulting trust in fee, in her favor; but if it can be collected from the evidence that the instrument created a remainder in behalf of Peabody, father or son, or if the purchase money, or even a considerable part of it, was paid by Peabody, the father, any conjecture of a trust in fee solely for her benefit would be rebutted. There was evidence enough of the contents of the deed, and touching the real ownership of the purchase money, to enable the jury to find for the plaintiff; and we do not think they were in any way misled by the instructions of the court, or that there was any failure to instruct legally and fully. There is every reasonable probability that Adela Arnold's true estate in the premises was for and during her life, and that the deed created a remainder, either for Peabody or his son. This son was a minor at the time the deed was executed, but was of age when the case was tried.

4. The remainder, if any, was not lost by failure to record the deed from Jefferson, and by the due and timely recording of the deed from Adela Arnold's administrator. The two deeds did not attempt to send off two streams of

title from the same source. They are not conflicting muniments of title from the same grantor. The older one carries into Adela Arnold such title as she had ; and the younger attempts to convey from her estate a title in fee simple ; and in this it would have succeeded if her estate had been invested with such title. The trouble with the younger deed, on the supposition that there was a remainder, is not that a prior deed had conveyed away Adela Arnold's fee, but that she never had the fee. The two deeds do not lie side by side, but end to end, and the whole difficulty is, if Adela Arnold had only a life-estate, that the first pours nothing into the second. The preference which results from mere recording is not given, except where both deeds emanate from the same grantor. Code, §2705. Nor are the facts such as to make the doctrine of voluntary conveyance, with subsequent conveyance to a *bona fide* purchaser, applicable to the case. Adela Arnold made no voluntary conveyance. If she ever had the fee, it was hers when she mortgaged the premises, and when she died. The requests to charge the jury, in so far as the matter of them was legal and appropriate, were covered by the general charge ; and, of course, where they proceeded on a wrong theory of the law in its application to the evidence, they ought to have been declined. We think the court committed no error.

5. There was no motion for a new trial, and a direct assignment of error on the verdict of the jury is not allowable. It seems that the jury at last ran off into a slight misnomer, writing the name Charles E., instead of Charles J. The name of this young Mr. Peabody has had quite a struggle to get a correct standing on the record and retain it. I do not profess to be altogether certain, even now, of the precise name which he bears ; but the land is his.

Cited for the plaintiffs in error : Code, §§2705, 2329, 2632, 3492 ; 13 *Ga.*, 1 ; 33 *Ib.*, 569.

Cited for defendants in error : Code, §3483 ; 7 *Ga.*, 105 ; 38 *Ib.*, 443 ; 6 *Ib.*, 111 ; 9 *Ib.*, 28, 29 ; 27 *Ib.*, 101 ; 32 *Ib.*, 208.

Judgment affirmed.