3700.   WHITE *et al. v.* BROWN, Governor, *et al.*

Where process is prayed against a named person, and there is nothing in
the petition to indicate an intention on the part of the plaintiff to
name any other person as defendant, the suit must be construed as
having been brought only against the party named in the prayer. In
such a case, the clerk has no authority to annex a process directed to a
different person, nor can the petition be amended by striking the name
of the defendant from the prayer and substituting in his stead
that of the person named in the process.

DECIDED FEBRUARY 12, 1912.

Motion to set aside judgment; from city court of Blakely—
Judge Rambo.   August 23, 1911.

*Byron R. Collins,* for plaintiffs in error.

*Glessner & Park,* contra.

POTTLE, J.   A judgment absolute upon the forfeiture of a crim-
inal recognizance was entered in the city court of Blakely against
White as principal and Harris as surety.   At a subsequent term they
filed a petition seeking to set aside the judgment absolute, upon
several grounds mentioned in the petition.   The petition did not
in its body name any person as a party defendant, but did
allege that the judgment sought to be vacated was against the plain-
tiffs and in favor of J. M. Brown, Governor.   The plaintiffs prayed
that process issue against the solicitor of the city court.   The clerk
annexed a process naming Hoke Smith, Governor, as defendant, and
requiring him to appear and plead, and service was acknowledged
by the solicitor, but no waiver of process was made.   At the trial
term the city-court solicitor entered a special appearance in be-
half of "J. M. Brown and his successor, Hoke Smith, Governor,"
and moved the court to quash the process which had been issued by
the clerk, requiring the Governor to appear and answer the petition.
Thereupon the plaintiffs offered an amendment praying that proc-
ess issue, directed to Hoke Smith, Governor, and striking the prayer
for process against the city-court solicitor.   The court refused to
allow the amendment, and dismissed the petition; to all of which
the plaintiffs excepted.

This was not an effort to amend a defective process.   The
process was in proper form.   It is clear, however, that the city-
court solicitor was the party defendant, since this must be deter-
mined by the prayer for process.   In the body of the petition
no other person was named as defendant, nor was anything therein

disclosed to indicate an intention to proceed against any other person as defendant. *Orr Shoe Co.* v. *Kimbrough,* 99 *Ga.* 143 (25 S. E. 204). The clerk was without authority to annex a process calling upon Governor Smith to appear and answer, and such a process was properly treated as a nullity. *Seisel* v. *Wells,* 99 *Ga.* 159 (25 S. E. 266). The amendment offered sought to add a new and distinct party, and was properly disallowed. The mere acknowledgment of service by the solicitor did not cure the defect. *Seisel* v. *Wells,* supra. The decision in *Lyons* v. *Planters Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155), does not, upon its facts, conflict with what is now ruled. In that case there was no prayer for process at all, and the persons named as defendants appeared and pleaded. This was a waiver of process and of a prayer therefor. It has never been held that a plaintiff can proceed directly against one person as defendant, and then, by amendment, convert the action into one against an entirely different person.

*Judgment affirmed.*