## HOLMES *v.* BANKSTON *et al.*

FISH, C. J. Described realty was conveyed to five named persons, as trustees of the "Congregational Methodist Church of Barnesville," and their successors. The church was an unincorporated religious association. Subsequently one of the trustees, "as chairman of trustees," executed and delivered a mortgage upon the property, he and another of the trustees being then in possession of the same. Another trustee had previously died, and another removed from the State; but when these two events occurred does not appear from the record. Afterwards the mortgage was foreclosed against the three living trustees, resident of the State, and an execution against them and the property was levied upon it. Certain persons, members of the church association, interposed their claim, and upon the trial thereof the levy was dismissed on motion of the claimants. The plaintiff excepted. The ground upon which the court dismissed the levy does not appear from the record; but in the brief for the defendants in error, the claimants in the trial court, in seeking to sustain the judgment of the court to which exception is taken, the contention is urged that the mortgage, the foreclosure, and the mortgage execution are all void, because the church was never incorporated and had never had recorded its name, style, and objects of the association, as required by the Civil Code of 1910, § 2830, and that, this being true, the church could not be sued as such, nor could it be sued through its trustees or officers; that the property of the association belonged to its members, and the majority of them had authority to control it; that the mortgage was void because executed by only one of the trustees, and that no authority was shown in him from the members of the church to execute it. *Held:* Although an action can not be brought by or against an unincorporated church as an entity (*Kelsey* v. *Jackson,* 123 *Ga.* 113, 50 S. E. 951), nevertheless, when it appears, in effect, that the title to certain trust property is in named trustees, though they appear to represent an unincorporated religious association, a proceeding to foreclose a mortgage executed thereon by them, in order to subject the property to a debt for which it is liable, may be brought under the Civil Code, § 3786, and to such action the trustees are the only necessary parties. *Kelsey* v. *Jackson,*

supra, citing *Josey* v. *Union Loan &c. Co.*, 106 *Ga.* 608 (32 S. E. 628). Accordingly, it was error to dismiss the levy.

*Judgment reversed. All the Justices concur.*

No. 1411. JANUARY 14, 1920.

Claim. Before Judge Hodges. Pike superior court. April 7, 1919.

*Cleveland & Goodrich,* for plaintiff.