18121.   GEORGIA BAPTIST HOSPITAL *v.* SMITH.

BROYLES, C. J. 1. Ordinarily an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and employees, or fails to exercise ordinary care in retaining such officers and employees. *Plant System* v. *Dickerson*, 118 *Ga.* 647 (45 S. E. 483) ; *Morton* v. *Savannah Hospital*, 148 *Ga.* 438 (4) (96 S. E. 887) ; *Butler* v. *Berry School*, 27 *Ga. App.* 560 (109 S. E. 544).

2. In the instant case the plaintiff (a woman pay patient), while undergoing a major operation in the defendant hospital, and while lying unconscious and helpless, was severely burned and permanently injured (the sight in one eye being practically destroyed) through the gross negligence of one of the defendant's anæsthetists, who while administering ether to the plaintiff allowed it to come in contact with the plaintiff's face and eyes, thereby destroying her eyesight as stated, and severely burning her face, and causing her intense pain and suffering for many months. Under the ruling in the first paragraph and the facts of this case the defendant hospital was not liable for the negligence of its anæsthetist, unless it had failed to exercise ordinary care in her selection. However, this court can not hold that there was no evidence authorizing the jury to find, firstly, that the anæsthetist was incompetent, and, secondly, that the defendant hospital had failed to exercise ordinary care in her selection. It is true that the petition failed to allege that

Charities, 11 C. J. p. 377, n. 14, 15.

the anæsthetist was generally incompetent, or that the defendant did not exercise ordinary care in her selection; but no demurrer to the petition was interposed, and those issues were raised by the evidence adduced and were charged upon by the court.

3. The verdict in favor of the plaintiff (for $8000) was authorized, and none of the special grounds of the motion for a new trial require a reversal of the judgment below.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1927. REHEARING DENIED JULY 26, 1927.

Damages; from Fulton superior court—Judge Humphries. March 26, 1927.

Application for certiorari was denied by the Supreme Court.

*Little, Powell, Smith & Goldstein, Kendrick L. Scott,* for plaintiff in error.

*Clarke & Clarke,* contra.