19107, 19108.. EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION etc., *et al., v.* SMITH *et al.* (two cases).

DECIDED MARCH 6, 1929.

*Jones, Evins, Powers & Jones,* for plaintiffs in error.

*J. Caleb Clarke, Little, Powell, Smith & Goldstein, Howell, Heyman & Bolding, Herman Heyman,* contra.

LUKE, J. On May 29, 1926, Mrs. L. M. Smith brought her action for damages against "Georgia Baptist Hospital, a corporation," for injuries alleged to have resulted from the negligence of an employee of the hospital in administering ether to her on October 15, 1925. The jury rendered a verdict for $8,000 for Mrs. Smith, and on February 25, 1927, a judgment was rendered accordingly. That judgment was affirmed by this court. See *Georgia Baptist Hospital* v. *Smith,* 37 *Ga. App.* 92 (139 S. E. 101). On November 3, 1927, Mrs. Smith made affidavit that "Georgia Baptist Hospital" was indebted to her in the sum of $8,000 on said judgment, and on the following day summons of garnishment was served on Citizens and Southern National Bank. The bank denied that it had any money belonging to "said defendant," and further answered that it did have $6,007.82 in an account known as "Georgia Baptist Hospital," but that said money was the property of the Executive Committee of the Baptist Convention of the State of Georgia.

On November 5, 1927, Arch C. Cree filed for the plaintiff in error a claim which is substantially as follows: 1. "That he is Executive Secretary and Treasurer of the Executive Committee of the

Baptist Convention of the State of Georgia, a corporation organized under and by virtue of an act of the General Assembly of Georgia." 2. "That said corporation owns and operates . . a hospital in the City of Atlanta, known as the Georgia Baptist Hospital, having purchased the same from the Georgia Baptist Hospital, a corporation, by deed dated the 31st day of March, 1925, and having continuously operated the same since said date." 3. "That solely for convenience in bookkeeping, the moneys derived from the operation of said hospital have been deposited in bank under the name 'Georgia Baptist Hospital,' but that same are solely the property of the Executive Committee of the Baptist Convention of the State of Georgia." 4. This paragraph recites the rendition of said $8,000 judgment against "Georgia Baptist Hospital," and the issuance of summons of garnishment thereon directed to Atlanta and Lowry National Bank and Citizens and Southern National Bank. 5. That Atlanta and Lowry National Bank had in its hands $546.54, and Citizens and Southern National Bank had in its hands $6,007.-82,—all deposited to the account "Georgia Baptist Hospital," and all the property of said Executive Committee of the Baptist Convention of the State of Georgia. 6. "That said money and property is not the money and property of said defendant in fi. fa. the Georgia Baptist Hospital, a corporation, but is the property of the Executive Committee of the Baptist Convention of the State of Georgia." 7. "That all money and funds belonging to said Executive Committee of the Baptist Convention of the State of Georgia, whether derived from the operation of said hospital, or otherwise, are used solely and exclusively for charitable and religious purposes."

The answer to the garnishment was duly traversed by Mrs. Smith, and, at the direction of the court, the jury found that the traverse be sustained. On February 18, 1928, the court rendered a judgment finding the funds, amounting to $6,007.82, subject to process of garnishment, and subject to the original judgment in the damage suit brought by Mrs. L. M. Smith against Georgia Baptist Hospital.

The motion for a new trial filed by the Executive Committee of the Baptist Convention of the State of Georgia, and Fidelity & Deposit Company, surety on the garnishment dissolution bond, was overruled, and the movants excepted.

The original damage suit was served "by serving Arch C. Cree, Secretary in charge office," etc. The answer of Georgia Baptist Hospital to said suit was simply a denial of the material paragraphs of the petition.

On the trial of the case sub judice, Dr. Arch C. Cree testified that he was executive secretary of the Baptist Convention of the State of Georgia, "which owns and operates the hospital now known as the Georgia Baptist Hospital," and was treasurer of the hospital itself; that he was not an officer of "Georgia Baptist Hospital, a corporation;" that the Executive Committee of the Baptist Convention took over the hospital from the old corporation in May, 1922, and his relationship to the hospital and the committee was the same as in 1922; that the hospital was operated under the same name; that "Georgia Baptist Hospital" was over the door, and that "our money" was deposited in that name; that diplomas were issued in the name "Georgia Baptist Hospital," and signed "Arch C. Cree, General Superintendent of Hospital;" that for a short time he was general superintendent; that hospital bills were sent out in the name "Georgia Baptist Hospital," and that checks attached to the bills were payable to "Georgia Baptist Hospital;" that the two corporations were separate and distinct; that he was not present when Mrs. Smith's damage suit was tried; that a paper was presented to him, but he never read it through—"told the gentleman that he had come to the wrong man, that Mr. Carlton Binns was secretary of the Georgia Baptist Hospital, a corporation;" that he was a member of the special committee known as the "Hospital Commission," and was also a member of the "Executive Committee;" that he never appeared in court in connection with the damage suit; that some of the funds garnished were derived from the operation of the hospital, and that, under the witness's direction, they were put in the bank each day; that he had no definite knowledge as to that fact, but was of the opinion that Georgia Baptist Hospital, corporation, had not been dissolved; that Dr. E. B. Elder was hired by witness to do the actual work in the hospital —knew more about running the hospital than the witness did, and was called "Resident Superintendent;" that the Executive Committee had a special committee known as the "Hospital Commission," to look after the hospital; and that three members of that commission, including witness, were members of the "Executive Committee."

A suit can only be brought by or against a legal entity, and, under the Civil Code (1910), § 5683, no amendment adding new and distinct parties is permissible unless allowed by law. See also *White* v. *Brown,* 10 *Ga. App.* 530 (73 S. E. 853). However, a judgment rendered against a person in his assumed or trade name is not void. *Eslinger* v. *Herndon,* 158 *Ga.* 823 (124 S. E. 169). In the case last cited Herndon did business under the trade-name of Herndon Motor Company. A summons of garnishment, directed to Herndon Motor Company, was served personally upon Herndon, and he made no answer thereto. A default judgment was rendered against Herndon Motor Company, and the execution issued thereon was levied on goods belonging to Herndon. The Supreme Court, in holding that the trial judge erred in holding that the judgment was a nullity, said: "In the instant case the defendant was a real person doing business under a trade name. When he was sued under his assumed or trade name, the suit was brought against a legal entity and natural person; and the fact that he was sued under his trade name, and not by his proper name, does not render the judgment void. . . This proceeding could have been amended by inserting the name of "Herndon doing business as Herndon Motor Company." This would not have been the making or substituting of a new party, which is condemned by section 5683 of the Civil Code, but would be the mere correction of a name, which is permissible under section 5686. The section last cited permits the correction of misnomers instantly.

If the original damage suit referred to in the case at bar had been brought against "Georgia Baptist Hospital," without more, it would have been more analogous to the *Herndon* case; but it was not. The petition alleges that "the Georgia Baptist Hospital, a corporation having officers and agents in said county upon whom process may be served, has injured and damaged your petitioner," etc. We have deemed it unnecessary to state all the evidence adduced at the trial. However, we think it fairly appears from the record that Georgia Baptist Hospital was a corporation, and the Executive Committee of the Baptist Convention of the State of Georgia a corporation, and that Mrs. Smith sued, and procured her judgment against, a separate and distinct corporation from the one whose funds she seeks to subject. In short, it was a case of mistaken identity, and not of misnomer. In this connection see *Geor-*

*gia Motor Sales Inc.* v. *Wade,* 37 *Ga. App.* 24 (138 S. E. 797), and the cases there cited, especially *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266).

It follows that the trial judge erred in directing the verdict, and erred in overruling the motion for a new trial, and that the judgment must be reversed. While there are two separate cases here, to wit, No. 19107 (traverse), and No. 19108 (claim), the same question is involved in both, and they were tried together by agreement in the superior court. Therefore, what has been said in this decision applies to both cases, and the judgment of the trial court overruling the motion for a new trial is reversible error in both cases.

*Judgment reversed in each case. Broyles, C. J., and Bloodworth, J., concur.*

LUKE, J., concurring specially. I recognize the necessary and salutary rules of law which compel a reversal in this case. However, the facts of the case, to my mind, fully warrant the remarks I now make. It is undisputed that the Executive Committee of the Baptist Convention of the State of Georgia owned and operated the hospital when Mrs. Smith was injured, and has ever since owned and operated it. Mrs. Smith was a "pay patient" in the hospital. "Georgia Baptist Hospital" was over the door of the hospital. Bills were presented in that name; checks were made payable in that name; diplomas were given in that name; and all money coming from the hospital was deposited in that name. Mrs. Smith was compelled to contest her damage suit in both the superior court and in this court before it was finally won. It is inconceivable that the corporation which owned and operated the hospital took no part in defending the damage suit. Yet the only defense filed in that suit was a denial of the paragraphs of the petition, which in no way indicated that the defense now made in these cases could, or ever would, be made. Now the Executive Committee lies safely entrenched behind the statute of limitations in so far as *legal* liability for Mrs. Smith's injuries is concerned. To my mind it is unthinkable that the offspring of a great Christian denomination should seek to avoid the payment of the judgment.