23488. MITCHELL *v.* EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

STEPHENS, J. 1. Upon the trial of a suit in which the plaintiff seeks to recover for the homicide of her husband, alleged to have been caused by the negligence of the defendant, which operates a hospital for the care and treatment of sick patients, in failing, through one of its servants known as an orderly, whose duty it was to administer to the needs of the plaintiff's husband, who was a sick patient in the defendant's hospital, to give her husband proper physical care, as a result of which the husband sustained physical injury to his back, which resulted in complications that caused his death, and negligence in employing this particular servant with knowledge of the fact that he was incompetent to give the particular care and attention which the plaintiff's husband required, where the court in the charge to the jury clearly and elaborately instructed them that one of the contentions of the plaintiff was that the defendant was negligent through its orderly in failing to give the patient the required attention, and repeatedly instructed them that if the defendant was negligent "in the respects and particulars" charged in the petition as negligence, etc., a charge of the court that the law requires of the defendant hospital that it "be in the exercise of ordinary care in the selection of competent employees" does not limit the plaintiff's right to recover only to the alleged negligence of the defendant in failing to select competent servants. The jury must have clearly understood that they were authorized to find a verdict for the plaintiff based solely upon the negligence of the defendant in failing, through its serv-

ant in charge of the plaintiff's husband, to give to him all necessary care and attention.

2. Since the petition and the evidence presented an issue whether the defendant was negligent in the selection of its servant, the charge was not error upon the ground that it was unwarranted by the pleadings and the evidence.

3. Since counsel for the plaintiff, in argument at the trial, read from the decision in *Georgia Baptist Hospital* v. *Smith*, 37 *Ga. App.* 92 (139 S. E. 101), as follows: "Ordinarily an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and employees, or fails to exercise ordinary care in retaining such officers and employees," and since the allegation in the petition that the plaintiff's husband was a pay patient in the defendant's hospital was denied in the plea, and the evidence was silent as to the character of the hospital, in respect to whether it was a charitable institution or not, or whether the plaintiff's husband was there as a charity patient or as a pay patient, and there was no contention made by the plaintiff that it was not a charitable institution, a charge of the court, which was in the language quoted above from the case cited, was not error as not being authorized by the pleadings and the evidence.

4. The evidence was sufficient to authorize an inference that the plaintiff's husband, nothwithstanding he was a sick patient in bed in the defendant's hospital, had sufficient strength and capacity to avoid the consequences of the alleged negligence of the defendant, and it was not error for the court to instruct the jury that the duty rested upon him to exercise ordinary care to protect himself against any negligence of the defendant.

5. Where the court clearly and fairly instructed the jury that the plaintiff contended that the defendant was negligent through its alleged servant in failing to give to the plaintiff's husband the properly required attention, also that the plaintiff could recover if the defendant was negligent "in the respects and particulars" charged in the petition as negligence, and this negligence was the proximate cause of the injury, it was not error, in the absence of a special request so to charge, for the court to omit to charge that if the specific conduct of the defendant's servant was negligence as alleged, and was the proximate cause of the death of the plaintiff's husband, the plaintiff could recover, or in omitting to charge specifically that the defendant "was liable to its patients for the negligence of their agents and servants in the performance of their duty."

6. The verdict for the defendant was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1934.

*Clarke & Clarke, C. W. Buchanan,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendants.