31244. BURGESS *v.* JAMES, trustee.

*James Maddox,* for plaintiff.

*Matthews, Owens & Maddox,* for defendant.

PARKER, J. The parties here are in the same positions which they occupied in the trial court, and will be referred to as the plaintiff and the defendant.

858

The plaintiff sued the defendant as "the trustee of the employees' benefit fund of the Summerville Manufacturing Company," for damages from alleged injuries received in drinking impure and adulterated tomato juice, sold and served to the plaintiff by the defendant as such trustee in the operation of a refreshment stand within the manufacturing plant of the company. It was alleged that the funds, and the proceeds therefrom, of the benefit association were used in relieving sickness, sending flowers to the sick or to funerals, providing food and fuel to needy and unfortunate employees, and providing them with entertainment, athletics, and recreation facilities, and that the major portion of the fund was used in making small loans to employees for such times and at such interest rates as the trustee deemed advisable.

Demurrers to the petition were sustained and the action dismissed. Two questions are presented by the ruling on the demurrers to which the plaintiff excepted: First, is the suit maintainable against the defendant as the trustee of the benefit fund, managed and used by him in the operation of the refreshment stand, without including the beneficiaries of the trust as parties defendant? Second, is the action seeking to subject charitable trust funds to liability for the alleged negligence of the trustee maintainable without allegations that the owners of the fund were negligent either in selecting or in retaining as their employee the trustee engaged in managing and operating the fund? These are the only issues presented by the record before this court.

■ Under the Code,. §§ 108-501 et seq., a claim against a trust estate "for services rendered to said estate, or for articles or property or money furnished for the use of said estate, or any claim for the payment of which a court of equity would render said estate liable," may be enforced in a court of law, and in such a case the trustees are the only necessary parties. This has been plainly held by the Supreme Court and by this court. See *Josey* v. *Union Loan &c. Co.*, 106 *Ga.* 608, 613 (32 S. E. 628); *Kelsey* v. *Jackson*, 123 *Ga.* 113(3) (50 S. E. 951); *Holmes* v. *Bankston*, 149 *Ga.* 668 (101 S. E. 792); *Langford* v. *Mount Zion Baptist Church*, 22 *Ga. App.* 696 (97 S. E. 102); *Zeigler* v. *Perry*, 37 *Ga. App.* 647 (141 S. E. 426). We think that an action based on the kind of claim involved in this case, if otherwise maintainable, would come within the rules stated, and that such action may properly

be brought against the resident trustee alone, and it is not necessary that the beneficiaries or cestui que trusts be made parties. For these reasons the petition was good as against the demurrer on the ground of nonjoinder of parties defendant.

■ Construing the petition most strongly against the plaintiff, as we must do on demurrer, we think that it shows that the money he is seeking to subject to the payment of his alleged claim is a charitable trust fund. The general rule in Georgia is that such funds will not be depleted by subjection to liability for the negligence of a trustee. This was held in *Morton* v. *Savannah Hospital,* 148 *Ga.* 438 (96 S. E. 887), and by this court in *Butler* v. *Berry School,* 27 *Ga. App.* 560 (109 S. E. 544). The true rule applicable to cases like the case at bar was well stated by Broyles, C. J., in *Georgia Baptist Hospital* v. *Smith,* 37 *Ga. App.* 92 (139 S. E. 101), as follows: "Ordinarily an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and employees, or fails to exercise ordinary care in retaining such officers and employees." That ruling was based on the case of *Plant System* v. *Dickerson,* 118 *Ga.* 647 (45 S. E. 483), holding that the general demurrer should have been sustained to a petition for damages resulting from the negligence of the hospital's physicians, and surgeons, where such petition failed to allege that the defendant did not observe due care in the selection of said physicians and surgeons. The plaintiff in the instant case did not allege that the beneficiaries of the trust fund were negligent, either in selecting or in retaining the defendant trustee as their employee, and the demurrer attacks the petition for this reason. In addition, the petition prayed for general damages and did not seek to subject a part only of the funds of the trust to the payment of the claim of the plaintiff. In *Morton* v. *Savannah Hospital,* 148 *Ga.* 441 (supra), the Supreme Court said: "In so far as the petition seeks to recover and make subject to the judgment the funds in trust for charitable purposes, the petition is demurrable, unless it is alleged therein that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency." Under these rulings, we are compelled to hold that the demurrer was properly sustained on this ground. The allegation

that the major portion of the trust fund is used in making loans to employees, upon which interest is charged, without more, does not in our opinion make the authorities cited inapplicable to this case or require a different ruling herein. The court did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. Sutton, P. J., concurs. Felton, J., concurs in the judgment.*