40989. STEWART v. DEARING CHEVROLET COMPANY et al.

DECIDED OCTOBER 22, 1964.

522

W. *Ward Newton,* for plaintiff in error.

*Robert A. Crim, Lawton, O'Donnell, Sipple & Chamblee, Julian C. Sipple, Bouhan, Lawrence, Williams & Levy, Alan S. Gaynor, A. R. Neiman,* contra.

NICHOLS, Presiding Judge. 1. While error is assigned on the judgment of the trial court sustaining the traverse to the service filed by A. K. Dearing and Sara Dearing such assignment of error presents nothing for decision because these defendants were stricken as parties by the plaintiff, and in his brief, in support of his argument that the amendment was proper, he concedes that "neither A. K. Dearing nor Sara Dearing were ever served." However, other defendants were served so that the action was pending.

2. Paragraph 1 of the original petition read as follows: "The defendants, A. K. Dearing and Sara Dearing d/b/a Dearing Chevrolet Company are residents of Savannah, Chatham County, Georgia and are subject to the jurisdiction of this court." The amendment struck such language and inserted in lieu thereof the following: "The defendant, Dearing Chevrolet Company is a corporation authorized to do business in Georgia with principal office and place of doing business in Chatham County, Georgia."

In *Parker v. Kilgo,* 109 Ga. App. 698 (137 SE2d 333), the question of amendment allowable under *Code* § 81-1303 was dealt with extensively and it was there pointed out that if the amendment is merely descriptive of the named defendant the

amendment is allowable but "if the original misnomer or trade name is *in fact* the name of an existent, whether or not connected with the litigation, the substitution of another entity in place of the original one constitutes the addition of another party, a new defendant, and comes within the inhibition of *Code* § 81-1303." In that case the original action was against "Comstock Distributing Co., a corporation," and the amended petition was still against "Comstock Distributing Co." but the description of the defendant was changed to read "a business proprietorship owned and operated under said name by R. D. Comstock, Jr." Both before and after the amendment the defendant was "Comstock Distributing Co." Such case distinguished cases such as *McGowans v. Speed Oil Co.*, 94 Ga. App. 35 (93 SE2d 597), where the original petition named one existent corporation and the amendment sought to substitute another corporation with a similar name, which procedure is not permissible.

The present case originally named as defendants A. K. Dearing and Sara Dearing and described them as doing business as a named partnership. The amendment sought to substitute Dearing Chevrolet Company, a corporation, as the resident defendant. The named defendants in the petition before amendment were existent and the amendment sought to substitute another entity, which procedure falls within the inhibition of *Code* § 81-1303. See also *Pacific Nat. Fire Ins. Co. v. Cummins Diesel of Ga., Inc.*, 213 Ga. 4 (96 SE2d 881), where it was held that a petition seeking to recover on the bond of "Fred S. Dale, doing business as Dale Electric Company" could not be amended to recover upon the bond of "Dale Electric Company, a corporation" since each was a separate entity. The trial court did not err in sustaining the motion to dismiss the amendment and the petition as amended, nor in dismissing the action as to the nonresident defendants after the petition was dismissed as to all resident defendants.

*Judgment affirmed. Hall and Russell, JJ., concur.*