41914, 41915.   BLACK v. JACOBS (two cases).

ARGUED APRIL 5, 1966—DECIDED APRIL 27, 1966—
REHEARING DENIED MAY 6, 1966—

Long, Weinberg & Ansley, Gregg Loomis, for appellant.

Sam D. Hewlett, Jr., Florence Hewlett Dendy, for appellee.

HALL, Judge. The objector contends that the trial court should have allowed him to present evidence in support of the contention of his objections that the action was commenced against David G. Black, a person residing at the address where the process was served on David G. Black, and that the purpose of the amendment was to make David G. Black, Jr., the objector, a new party to the case.

Justice Bleckley said in *Minor v. State*, 63 Ga. 318, 320, that the great office and purpose of a name is to suggest the right person. "If it is in common and familiar use, and stands to the mind as a sign or index of the person signified, what it wants in other respects is of no practical consequence." Accord *Hayes v. State*, 58 Ga. 35, 45; *Wilson v. State*, 69 Ga. 224, 234. Obviously, a suit is brought against a person—not against a name designating that person.

In this case the plaintiff named as the defendant David G. Black, and alleged that the defendant "on or about August 7, 1962, at approximately 10:55 a. m. . . . driving his 1960 Ford Falcon Station Wagon, made a left turn off of Peachtree Street, traveling south on Peachtree, on to Buckhead Avenue, traveling east on Buckhead Avenue," and negligently ran into and knocked down the plaintiff. The plaintiff commenced the action against the person named David G. Black driving the described automobile at the alleged time and place. The amendment gave a more complete description of the person sued. The name by which the defendant was designated in the original petition was not, strictly speaking, a misnomer, but was not the most complete identification of the defendant possible. A mistake in naming a party to an action has always been amendable in furtherance of justice. *Code* § 81-1206; *Woodson v. Law*, 7 Ga. 105; *Bell v. Pate*, 28 Ga. App. 195 (110 SE 498); *Atlantic C. L. R. Co. v. Parker*, 37 Ga. App. 218 (139 SE 581); *Jernigan v. Carter*, 60 Ga. 131; *Love v. Commercial Credit Co.*, 64 Ga. App. 18 (12 SE2d 99); accord *Parker v. Kilgo*, 109 Ga. App. 698 (137 SE2d 333).

Whether the person who was served after the amendment, and who filed the objections praying that the amendment be disallowed, was in fact the person who owned and drove the automobile as alleged in the petition is a matter of affirmative defense and a question of fact. *Jernigan v. Carter*, 60 Ga. 131, 132, supra. The only way we can conceive of, by which the objector could prove his contention is by evidence showing that a person other than himself was the person sued and referred to in the petition as the owner and driver of a 1960 Ford Falcon station wagon involved in the collision at the time and place described in the petition. Facts showing that the objector was not that person do not appear in the petition or the amendment, or in the objections to the amendment. The objections only show the facts that there is another person besides the objector with the name David G. Black, and that person has been served with process. The objections alleged the conclusion that the person originally served was the person sued and that the purpose of the amendment was to make the objector, who was served after the amendment, a new party to the case. This conclusion does not follow from the facts shown.

Decisions relied on by the objector, to the effect that an amendment considered in the case was an attempt to add a new party, are not controlling. See *White v. Brown*, 10 Ga. App. 530 (73 SE 853) (defendant against whom process was prayed was solicitor of city court; amendment praying for process to Governor would add a new party); *McGowans v. Speed Oil Co.*, 94 Ga. App. 35 (93 SE2d 597) (records judicially noticed showed there existed a corporation with name by which defendant was designated, and against whom plaintiff admitted she had no cause of action; suit not amendable to name a distinct corporation as the defendant); *Stewart v. Dearing Chevrolet Co.*, 110 Ga. App. 521, 526 (139 SE2d 148) (amendment seeking to substitute named corporation for individuals named as defendants in original petition would add a new party).

The trial court properly allowed the amendment and did not err in dismissing the objections.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*