42942. MOODY AIR FORCE BASE FEDERAL CREDIT UNION v. KINARD et al.

SUBMITTED JULY 6, 1967—DECIDED JULY 12, 1967.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.

*Young, Young & Ellerbee, F. Thomas Young,* for appellees.

HALL, Judge. The return of service shows that the summons was served "on Valdosta Mack Sales-P. K. Kinard, its part owner and personally in charge of the office and place of business at the time of service of said garnishee. . ." The motion upon which the judgment was rendered was filed by the Kinards in response to this service of summons on P. K. Kinard, and itself shows that the Kinards are a partnership operating in the trade name shown on the summons.

The question is whether the initial defective description of the garnishee required the dismissal of the summons even though the record at the time of the dismissal showed that the intended garnishee was served and was a legal entity using the name shown on the summons.

"Where the name of the defendant in which the suit is brought does not import a legal entity, but in fact it is a corporation or partnership, such defect may be cured by an amendment alleging the legal status. . . And when a suit is brought against a defendant in a trade name, the petition is amendable by alleging and inserting the name of the individual doing business under that trade name." *Mauldin v. Stogner,* 75 Ga. App. 663 (44 SE2d 274); accord *Smith v. Hartrampf,* 105 Ga. App. 40, 43 (123 SE2d 417).

When a petition inadequately or defectively describes the party defendant it may be amended when the amendment serves merely to identify the person intended to be sued, and involves no substitution of parties nor adds a new and distinct party. *Schnore v. Joyner,* 42 Ga. App. 688 (157 SE 353); *Stepp v. Hindmon,* 98 Ga. App. 420 (105 SE2d 794); *White v. Tittle,* 97 Ga. App. 185 (102 SE2d 689); *Bell v. Pate,* 28 Ga. App. 195 (110 SE 498); see *Perkins Co. v. Shewmake & Murphy,* 119 Ga. 617 (46 SE 832); *Parker v. Kilgo,* 109 Ga. App. 698 (137

SE2d 333); *Black v. Jacobs,* 113 Ga. App. 598 (149 SE2d 190). And judgment cures an unamended defect in naming either a plaintiff or a defendant. *Clark Bros. v. Wyche,* 126 Ga. 24 (54 SE 909); *Eslinger v. Herndon,* 158 Ga. 823 (124 SE 169).

Since the defect in naming the garnishee in the present case was an amendable one, and the record showed that the garnishee was in fact a partnership using as its trade name the name by which the garnishee was designated in the summons, and that one of the partners had been served, the trial court erred in holding that the summons of garnishment was a nullity and in dismissing it.

This decision is not in conflict with those holding that unless the plaintiff in commencing a suit designates itself by a name that imports a legal entity—an individual, a corporation, or an individual doing business in a trade name—the suit is invalid. See *Western &c. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978); *Smith v. Commrs. of Roads & Revenue of Glynn County,* 198 Ga. 322 (31 SE2d 648); *Bremen Foundry &c. Works v. McLendon,* 19 Ga. App. 650 (91 SE 1049).

It would appear that proceedings on the "motion for summary judgment" were nugatory when the trial court had dismissed the garnishment. However, the record and evidence before the court on this motion, including the movants' verified pleadings, established that the movants were the intended garnishee and were a partnership doing business under the trade name of Valdosta Mack Sales. It follows from what we have said above that the judgment granting this motion was error.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*