A90A1275. R & D TESTING & DRILLING, INC. v. ATLANTA TESTING & ENGINEERING, INC.
(398 SE2d 415)

Banke, Presiding Judge.

The appellant, R & D Testing & Drilling, Inc., brought this action against the appellee, Atlanta Testing & Engineering, Inc., seeking to recover damages for an alleged wrongful levy and trespass upon its business property. It brings this appeal from the grant of the defendant-appellee's motion for summary judgment.

In March of 1983, the appellee brought suit against "Samuel J. Rowe, doing business as R & D Drilling, Inc." to recover on a promissory note Rowe had signed in the following capacity: "R & D Drilling, Inc. by Samuel J. Rowe, its President." It is apparent without dispute that R & D Drilling, Inc., was a trade name used by the appellant, R & D Testing and Drilling, Inc., that Rowe is the acknowledged president of that corporation, and that he was personally served with the complaint in that action. The action went into default, and Rowe thereafter consented to the entry of a judgment on the complaint in the amount of $9,280.05. He did so, however, in his capacity as President of R & D Testing and Drilling, Inc., rather than as an individual. On the basis of that judgment, the appellee obtained a fi. fa. and levied on the property of the appellant corporation, which then brought the present damage suit against the appellee on the theory that the judgment had not been entered against it but against Rowe personally. The trial court awarded summary judgment to the appellee based on a determination that the reason the judgment had been entered against Rowe, "doing business as R & D Drilling, Inc.," rather than against the appellant corporation was because of confusion which had resulted from Rowe's failure to file an answer in the prior action and to respond to post-judgment discovery. The court further determined that the appellant had acknowledged the debt and was estopped from denying it as the result of its knowledge that it was the true party in interest, combined with its failure to correct the mistake. Held:

While Rowe may have been sued personally, he consented to judgment acting in his representative capacity as president of the ap-

pellant corporation; and the corporation has in fact conceded in its brief in the present appeal that the parties "entered into a consent agreement whereby appellant agreed to pay the obligation" imposed by the judgment. We hold that the appellant is estopped under these circumstances from denying that it was obligated on the judgment. See *Clark Bros. v. Wyche,* 126 Ga. 24 (1) (54 SE 909) (1906); *Parker v. Kilgo,* 109 Ga. App. 698 (137 SE2d 333) (1964); *Moody A.F.B. &c. Union v. Kinard,* 116 Ga. App. 163 (156 SE2d 526) (1967). We accordingly affirm the award of summary judgment to the appellee.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 19, 1990.

*Simmons & Simmons, Robert L. Simmons,* for appellant.
*Webb, Fowler & Tanner, Anthony O. L. Powell,* for appellee.